ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* HAMBRIGHT.

Opinion delivered September 21, 1908.

JUDGMENTS—TRANSFER—FILING.—Kirby's Digest, § 4457, providing for the filing of a written transfer of a judgment or cause of action in the court wherein the judgment has been rendered or his cause of action is pending, does not contemplate that the instrument of transfer should be filed in the Supreme Court.

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; motion to file assignment of judgment denied.

*T. M. Mehaffy,* for appellant.

*L. A. Byrne,* for appellee.

PER CURIAM. Hambright recovered judgment in the Miller Circuit Court against the St. Louis, Iron Mountain & Southern Railway Company in the sum of $5,000, and said cause has been appealed to this court, and is now pending. Hambright executed an assignment of one-half of said judgment and one-half of his interest in the cause of action to his attorneys, and duly acknowledged the same, said assignment being made in conformity to the act of April 4, 1899 (sec. 4457, Kirby's Digest). The attorneys offer said assignment for filing in this court.

This act evidently refers to the filing of assignments of judgments or causes of action in the court wherein the judgments

are rendered or the cause pending, and not in this court. Provision is made for the transfer to be entered on the record of the court where the judgment is recorded, or on the docket where a suit is pending, if it has not proceeded to judgment. That record may properly be included in the transcript to this court, and in that way notice is given in this court as well as in the lower court, and the object of the statute fully attained.

Questions of fact may well arise in regard to these assignments; and the trial courts, and not appellate courts, are the proper place to determine them. There is nothing in the language or purpose of the act that would indicate that it was intended that these assignments be filed in the Supreme Court. The assignment will not be filed in this court, and the clerk is directed to return it to the attorneys who presented it.