## MAY *v*. AUSLEY.

### Opinion delivered April 22, 1912.

ATTORNEY AND CLIENT—ENFORCEMENT OF LIEN—JURISDICTION.—Under the act of May 31, 1909, providing for an attorney's lien, and that "the court before which said action was instituted or in which said action may be pending at the time of settlement, compromise or verdict, upon the petition of the client or attorney, shall determine and enforce the liens created by this act," *held* that the lien must be enforced in the trial courts and not in the Supreme Court.

Appeal from Van Buren Circuit Court; *George W. Reed,* Judge; motion denied.

*E. G. Mitchell, pro se,* and *Gus Seawel.*

*R. W. Robins,* for appellee on the motion.

PER CURIAM: Appellee recovered a judgment against appellant for the sum of $2,500, which judgment has been affirmed by this court. Appellee's attorney has filed with the clerk of this court a claim for a lien on the judgment for the amount of his fee alleged to be due, and the said attorney now moves this court to render a judgment or order enforcing said lien. He relies upon the provisions of the act of the General Assembly approved May 31, 1909, which reads as follows:

"Section 1. The compensation of an attorney or counsellor at law for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or special proceeding, or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, decision, judgment or final order in his client's favor and the proceeds thereof in whosesoever hands they may come; and

the lien can not be affected by any settlement between the parties before or after judgment or final order.

"Section 2. The court before which said action was instituted, or in which said action may be pending at the time of settlement, compromise, or verdict, upon the petition of the client or attorney, shall determine and enforce the lien created by this act." Acts of 1909, p. 892.

Appellee appears by another attorney to resist the enforcement of the lien, and raises an issue of fact as to whether or not anything is due the lien claimant.

The Constitution vests in this court only appellate and supervisory jurisdiction, and not original jurisdiction, in controversies between individuals. It is beyond the power of the Legislature to enlarge the jurisdiction of this court. Reading the act of 1909 in the light of the constitutional limitations upon the jurisdiction of this court, it is clear that no attempt was made to confer jurisdiction upon this court to enforce the lien of an attorney. The words, "court before which said action was instituted, or in which said action may be pending at the time of settlement, compromise or verdict," refer to trial courts, and not to this court. The issue presented here is purely a question of fact as to whether or not anything is due the attorney for his services in the action, and whether he has a lien therefor, and this court is without power to determine that issue until it is heard by a court of competent jurisdiction and comes here on appeal. *St. Louis, I. M. & S. Ry. Co.* v. *Hambright,* 87 Ark. 242. Motion overruled.