FAIR STORE No. 23 *v.* DENISON.

Opinion delivered April 20, 1925.

1. SALES—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a finding for plaintiff in an action for goods and merchandise alleged to have been sold and shipped to defendant.

2. SALES—LOSS OF GOODS.—Where goods are shipped by a common carrier pursuant to the buyer's order, the sale is complete, and any subsequent loss or injury would fall on the consignee.

3. APPEAL AND ERROR—DEFENSE NOT RAISED BELOW.—In an action for goods sold, defendant cannot for the first time on appeal make the defense that the purchase was within the statute of frauds.

4. FRAUDS, STATUTES OF—DEFENSE NOT RAISED BY ANSWER WHEN.— Though a complaint for the price of goods sold, by not alleging the contract to be in writing, in effect pleaded an oral contract, an answer which neither denied the contract nor specially pleaded the statute of frauds did not raise the question that the contract was within the statute.

Appeal from Conway Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Strait & Strait,* for appellant.

*Edward Gordon,* for appellee.

McCULLOCH, C. J. This is a suit by appellee against appellant on account for goods and merchandise sold and shipped to the latter. The case was tried before a jury, and the verdict was in favor of appellee for the amount of the account.

Appellee is engaged in the wholesale mercantile business at St. Louis, and appellant is operating a store at Morrilton. The account is for the price of a case of dress-goods, known as percale. It is undisputed that appellant ordered the goods from appellee through the latter's traveling salesman, but it does not appear that there was any written order signed by appellant. According to the testimony adduced by appellee, the case of goods was shipped by common carrier, addressed to appellant at Morrilton, but there is a conflict in the testimony as to whether the goods were actually received by appellant. The testimony introduced by appellee tends to show that the case of goods was delivered to a drayman employed by appellant and authorized to receive the same, and that the drayman paid the freight. Appellant's manager of the store at Morrilton testified that the case of goods was never received, and the court submitted the case to the jury on the sole issue as to whether the case of goods "was shipped to Morrilton and arrived in Morrilton," and, as above stated, the verdict was in favor of appellee.

The evidence was sufficient to sustain the finding of the jury on the issue submitted. If the goods were shipped by common carrier pursuant to appellant's order, then the sale was complete, and any loss or injury to the goods would fall on the consignee. *Burton & Townsend v. Baird & Bright,* 44 Ark. 556. The instruction given by the court was too favorable to appellant in stating that the jury must find that the goods arrived in Morrilton. It is contended, however, that there was no evidence of a written order or other written agreement with respect to the purchase of the goods, and that the purchase falls within the statute of frauds, but that question is raised here for the first time, which is too late. There was no plea of the statute of frauds. The language of the complaint is that "the Fair Store No. 23 of Morrilton, Arkansas, a corporation, is duly indebted to the plaintiff as consideration for goods, wares and merchandise, as shown by itemized account attached hereto, in the sum of $295.24." The answer of appellant (omitting caption and prayer) reads as follows: "Denies that the Fair Store No. 23 of Morrilton, Arkansas, is duly indebted to the plaintiff as consideration for goods, wares and merchandise, as shown by itemized account attached hereto, in the sum of $295.24. Denies that the said indebtedness is wholly past due and remains unpaid. Denies that said defendant has no just defense, set-off or counterclaim thereto, and denies that plaintiff is entitled to judgment for said account."

Appellant relies on decisions holding that a denial of allegations as to the existence of a contract constitutes a sufficient plea of the statute of frauds. *Stanford* v. *Sanger,* 141 Ark. 458. It will be observed that appellant's answer neither denies the contract of purchase nor specially pleads the statute of frauds, therefore the answer was not sufficient to raise the question of the contract being within the statute. The effect of the complaint was to plead an oral contract, there being no allegations with respect to a contract in writing. *Izard* v. *Connecticut Fire Ins. Co.,* 128 Ark. 433. So, in order to

plead the statute of frauds as a defense, it is essential that there either be a denial that there was a valid contract, or a special plea of the statute.

Judgment affirmed.