STROUD *v.* CROW.

4-7834                              192 S. W. 2d 548

Opinion delivered February 25, 1946.

*Sam Robinson* and *Thomas E. Downie,* for appellant.

*Joe H. Schneider* and *Wm. J. Kirby,* for appellee.

SMITH, J. A motion has been filed in this court by the Prosecuting Attorney of the Sixth Judicial District of Arkansas asking for the enforcement, in manner set forth in the motion, of a judgment rendered on January 15, 1940, by us in the case of *Stroud* v. *Crow*, 199 Ark. 814, 136 S. W. 2d 1025. Appellees have responded that the order, enforcement of which is asked in the motion, is essentially different from the order originally made by this court. This contention of appellees presents the issue to be decided by us.

Appellants, regular practicing physicians, acting on behalf of the Arkansas Medical Society, brought suit in the chancery court of Pulaski county to enjoin appellees, members of the State Board of Chiropractic Examiners, from granting licenses to practice chiropractic without requiring applicants for such licenses to present certificates of ability in the so-called "basic sciences" (anatomy, physiology, chemistry, bacteriology and pathology) issued by the State Board of Examiners in the basic sciences, in accordance with the provisions of the "Basic Sciences Act," §§ 10795 to 10814, inclusive, Pope's Digest. An injunction to prevent two named defendants, alleged to have been licensed by the Chiropractic Board without the presentation of the said certificate from the State Board of Examiners in basic sciences, from practicing chiropractic was also asked.

Decision of the chancery court in the original case was in favor of appellees. The representatives of the Medical Society prosecuted an appeal to this court, where it was held that the lower court had erred. The ordering part of the judgment of this court was as follows: "It is therefore ordered and decreed by the court that the decree of said chancery court in this cause rendered be, and the same is hereby, for the error aforesaid, reversed, annulled and set aside with costs; and that this cause be remanded to said chancery court with directions to grant the relief prayed, and for such further proceedings as may be necessary to be therein had according to the

principles of equity, and not inconsistent with the opinion herein delivered.''.

No mandate of this court was ever filed in the lower court.

The motion under consideration sets up that the ·effect of our former judgment is to prohibit the Chiropractic Board from issuing a license under any circumstances unless the applicant has a certificate of ability from the Basic Sciences Board. In the brief in support of the motion it is stated that it has been brought to the attention of the prosecuting attorney, who filed the motion, that the Arkansas State Board of Chiropractic Examiners, asserting authority to do so under the provisions of § 10778 of Pope's Digest, was issuing licenses to practice chiropractic in Arkansas by reciprocity to applicants licensed by other states, who had not obtained the certificate of ability from the Arkansas Basic Sciences Board. It is further stated in the prosecuting attorney's brief that because this practice had been followed under authority of an opinion by the Attorney General ''it is felt that rather than press criminal charges, the fairest procedure to follow is to ask this court to enforce its judgment'' (rendered on January 15, 1940).

In the motion we are asked to make an order by which the Arkansas State Board of Chiropractic Examiners and their successors in office would be ''enjoined from issuing licenses to practice chiropractic *by reciprocity or otherwise,* until a certificate from the State Board of Examiners in the Basic Sciences of this state, . . . has been issued to the applicant'' in accordance with the Basic Sciences Act. (Italics supplied.)

An examination of the pleadings and briefs and of the opinion of this court in the original proceeding discloses that the question of the right of the State Board of Chiropractic Examiners to grant licenses *by reciprocity* without the certificate from the Basic Sciences Board was not therein presented, argued or decided. The sole issue in the original proceeding was whether the law re-

quired an applicant desiring to take the examination for license to practice chiropractic to present a certificate of ability from the Basic Sciences Board. The question of the necessity of such a certificate, where a license was being granted under reciprocity, was not mentioned in any of the pleadings or briefs or in the opinion delivered by this court.

We are now asked, after lapse of the term at which our former judgment was rendered, to make a substantial change in this judgment by disposing of a question not presented or decided. In *Milsap* v. *Holland,* 186 Ark. 895, 56 S. W. 2d 578, it was held that the Supreme Court could not review or reform its opinion after lapse of the term in which it was handed down.

Furthermore, this is a court of appellate jurisdiction, and we do not decide issues not directly or indirectly presented in or decided by the trial court. "The constitution vests in this court only appellate and supervisory jurisdiction, and not original jurisdiction, in controversies between individuals." *May* v. *Ausley,* 103 Ark. 306, 146 S. W. 139; *Missouri Pacific Railroad Company* v. *J. W. Myers Commission Company,* 196 Ark. 976, 120 S. W. 2d 693.

The judgment of this court, despite the fact that no mandate was ever issued thereon, is nevertheless in force; *Robeson* v. *Kempner,* 189 Ark. 27, 70 S. W. 2d 39. The declarations of law as set forth in the opinion are binding on all persons affected; and nothing in this opinion should be construed as deciding the question as to whether the Chiropractic Board of Examiners, in issuing licenses by reciprocity, may dispense with the requirement of the certificate from the Basic Sciences Board. It is our conclusion however, that this question is not properly brought before us in the instant proceeding. Accordingly, the motion is denied.