ROLLANS v. DOUGLAS.

4-9886                                252 S. W. 2d 833

Opinion delivered December 1, 1952.

*Franklin Wilder,* for appellant.

*Mark E. Woolsey,* for appellee.

ED. F. McFADDIN, Justice. Appellant, Rollans, complains of the judgment for $1,443.13 recovered against him by Douglas.

Rollans decided to grow and market turkeys in commercial quantities. In order to obtain feed for the turkeys, Rollans executed a "grower's agreement" and mortgage to Quaker Oats Company (hereinafter called "Quaker") who made arrangements with Douglas to furnish feed to Rollans on signed receipts. Rollans signed four such receipts totalling $5,277.83, and Quaker paid

Douglas that amount. Thereafter Rollans needed additional feed for the turkeys from October until sale dates in November and December; and Douglas claims to have personally furnished Rollans this additional feed in the amount of $1,443.13.

Quaker sued in the Chancery Court to foreclose its mortgage on Rollans' turkeys. Douglas sued Rollans at law on his open account, and sought attachment of the turkeys. On Rollans' motion, the Douglas case was transferred to Chancery, where it was tried along with the Quaker suit. At the trial there was no dispute between Douglas and Quaker and there does not appear to have been any real dispute by Rollans as to the Quaker suit against him; but Rollans strongly insisted that he owed nothing to Douglas, and that was the point at issue in the trial below.

At various stages in the litigation, Rollans had different attorneys; but at the trial in chancery, he represented himself. The Chancellor was very patient, and after hearing all the evidence rendered judgment for Douglas for the amount of $1,443.13; and Rollans has now appealed. His present counsel did not represent him until after the trial below.

Although several questions are argued in appellant's brief, there was only one question in the trial court;[1] and that was whether Douglas, independent of Quaker, furnished feed to Rollans in the amount of $1,443.13. The Chancellor saw the witnesses and heard them testify, and found for Douglas on sharply disputed testimony of the parties. We have studied the record and conclude that the decree is correct.

Affirmed.

Mr. Justice HOLT not participating.

[1] In *Gulley v. Budd,* 209 Ark. 23, 189 S. W. 2d 385, we reiterated the well known rule: "This Court has frequently held that no issue can be raised in this Court which was not raised in the trial court; . . ."