BORNSTEINE *v.* WILLIAM R. MOORE DRY GOODS COMPANY.

5-996                                                                      294 S. W. 2d 52

Opinion delivered October 8, 1956.

[Rehearing denied November 5, 1956.]

*Harold Sharpe,* for appellant.

*Mann & McCulloch; Canale, Glankler, Montedonico* and *Boone & Loch;* and *Norton & Norton,* for appellee.

LEE SEAMSTER, Chief Justice. This is an appeal by the appellants, Irvin Bornsteine and Aaron Paul, from a decree of the St. Francis Chancery Court which was rendered in favor of the appellees, William R. Moore Dry Goods Company and others. The appellees are creditors of Fred Zuckerman, a party who sold the appellants a retail store located in Hughes, Arkansas. The trial court held the sale by Zuckerman to appellants to be void by failure to comply with the terms and provisions of the Arkansas Bulk Sales Act—Ark. Stats. Sections 68-1501 to 68-1504.

For reversal, the appellants contend: (1) The lower court was not within its jurisdiction in granting a Temporary Enjoining Order; (2) The lower court did not have jurisdiction to hear a case on its merits seven days after the filing of the complaint; and, (3) a. There is not a preponderance of competent evidence to support the finding and decree of the trial court, b. There was a substantial compliance with Arkansas Bulk Sales Law.

The facts reveal that on December 31, 1955, the appellants, by their agent, C. S. Scott, entered into a written contract with Fred Zuckerman to purchase the stock and fixtures of the retail store operated by Zuckerman in Hughes, Arkansas. Upon execution of the contract, the appellants made a down payment of $1,000 as earnest money and agreed to pay the balance of the purchase price, in the sum of $7,000, within ten days. On January 4, 1956, the appellants paid the balance owing on the contract, whereby Zuckerman executed and delivered a bill of sale for the store to appellants. Appellants took possession of the store and operated it as a retail store until January 13, 1956, when appellees filed this suit to have the sale set aside and the assets of the store subjected to the payment of appellees' debts, as creditors of Zuckerman.

The written contract and bill of sale were signed and sworn to by Zuckerman, and each contained a provision to the effect that Zuckerman covenanted and warranted the property sold by him to be free and clear of any and all debts of the seller and that there were no liens

or encumbrances, either present or contingent, upon said properties. This was not a substantial compliance with the Bulk Sales Law. Furthermore the evidence reflects that the appellants made no *bona fide* effort to ascertain whether Zuckerman had any creditors before closing the sale.

We find that the trial court correctly held the sale in this case to be void as to the creditors under the provisions of the Arkansas Bulk Sales Law. The evidence reveals that no full and detailed inventory was made and preserved ten days before the sale. The seller did not give to the purchasers, ten days before the sale, a written statement, under oath, listing the names and addresses of creditors, with the amount of the indebtedness due or owing to each. The purchasers did not notify the creditors, ten days before the purchase was completed, of the proposed sale and the price, terms and conditions thereof.

The Chancery Court has jurisdiction to appoint a receiver, upon the application of a creditor, to subject any property or fund to his claim, under the provisions of the Arkansas Bulk Sales Law—Section 68-1503, Ark. Stats., 1947 and also Section 36-112, Ark. Stats. 1947.

The appellants entered their general appearance at the hearings on January 20, 1956 and January 27, 1956, and subjected themselves to the jurisdiction of the court at that time, the appellants introduced their witnesses, cross-examined the appellees' witnesses. The appellants did not request further time to produce additional evidence, but closed their case and made no objection to the proceedings. No issue was made on this question before the trial court and it is too late to raise the issue here. *Rollans* v. *Douglas,* 221 Ark. 256, 252 S. W. 2d 833; *Stroud* v. *Crow,* 209 Ark. 820, 192 S. W. 2d 548.

We find the trial court is sustained by a preponderance of the evidence and that there was not a substantial compliance with the Arkansas Bulk Sales Law in this case. The decree and orders of the trial court are affirmed.