Lynsey GWIN  *v.*  Spencer and Gerry DANIELS

03-997                                                    184 S.W.3d 28

Supreme Court of Arkansas
Opinion delivered June 3, 2004

*Mickey Buchanan*, for appellant.

*Harrelson, Moore & Giles LLP*, by: *Steve Harrelson* and *Gene Harrelson*, for appellees.

JIM HANNAH, Justice. Lynsey Gwin appeals a decision of the Little River County Circuit Court granting visitation rights to appellees Spencer and Gerry Daniels, the great-grandparents of Gwin's daughter Alexandria Kayne Wiggins. Gwin alleges that the trial court's award of visitation to the great-grandparents violated her liberty interest under the due-process clause, and that the act under which great-grandparents are granted visitation is unconstitutional as applied under the federal and state due-process clauses.

We hold that because Gwin neither presented the trial court with the issue of the constitutionality of Ark. Code Ann. § 9-13-103 (Supp. 2003), nor obtained a ruling on the issue, this court may not review the question of whether Ark. Code Ann. § 9-13-103 is constitutional. Therefore, the constitutionality of grandparents visitation granted by Act 652 of 2003 is not at issue in this case. Gwin argues that because no expert testimony was provided on the issue of harm to Kayne caused by denial of visitation, there was a lack of competent evidence. No authority is cited on this issue; therefore, this court will not consider it on appeal. Finally, Gwin argues that the trial court's decision on visitation was in error because the appellees failed to meet the burden of proof of showing by a preponderance of the evidence that loss of the relationship would harm the child. Gwin asserts that the decision

of the trial court was contrary to the preponderance of the evidence. Gwin fails to cite convincing authority, and the issue will not be considered on appeal.

### Failure to Obtain a Ruling

Gwin filed a motion on May 9, 2003, alleging, among other things, that:

> [t]he plaintiff's action should be dismissed for lack of jurisdiction as there are no provisions at law for great-grandparent visitation. Any action for great-grandparent visitation is unconstitutional as it involves the taking of a minor from parents without justification.

The appellees filed a response to the motion alleging that "the Arkansas Legislature recently enacted a Great-Grandparents Visitation Act which is in full force and effect within the State of Arkansas." While it is not clear from the motion that Gwin actually asked the circuit court to rule on the constitutionality of the new act allowing visitation to be granted to grandparents and great-grandparents, it is clear that the trial court did not rule on the constitutionality of the new act. At the close of the hearing on the Daniels' petition for visitation, the trial court stated that although the old general rule was "nobody has any say so about raising their kids other than parents," grandparents and great-grandparents are granted visitation rights under the new act if all the requirements of the act are met.

The circuit court discussed the requirements of Ark. Code Ann. § 9-13-103, concluding that the circuit court's decision had to be in writing, and that the court would prepare the written decision. The trial court then stated that the written decision would be the final appealable order. The written decision dated May 20, 2003, discusses the statute and the facts and concludes that visitation should be granted. There is no mention in the written decision of the constitutionality of the statute. The issue of the constitutionality of section 9-13-103 was not presented to the trial court at the hearing, and the trial court issued no ruling from the bench on the issue at the hearing. On appeal, Gwin asks this court to hold that the trial court erred because the statute as applied was unconstitutional in that it violated Gwin's fundamental liberty interest under the federal and state due-process clauses. This issue may not be reached by this court.

We have repeatedly stated that we will not address arguments raised for the first time on appeal. *Committee to Establish Sherwood Fire Dep't v. Hillman*, 353 Ark. 501, 109 S.W.3d 641

(2003); *Fair Store No. 23 v. Denison*, 168 Ark. 603, 271 S.W. 327 (1925). Likewise, the rule that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal is a longstanding rule. *Bell v. Bershears*, 351 Ark. 260, 92 S.W.3d 32 (2002); *Flake v. Thompson, Inc.*, 249 Ark. 713, 460 S.W.2d 789 (1970); *Sanders v. W.B.. Worthen Co.*, 122 Ark. 104, 182 S.W. 549 (1916). While this court desires to reach all issues presented to it, the reason for declining to hear this appeal is sound. This is a court of appellate jurisdiction. As this court stated in *Lewellen v. Sup. Ct. Comm. On Prof'l Conduct*, 353 Ark. 641,645, 110 S.W.3d 263 (2003):

> With certain exceptions not relevant to this discussion, this court has appellate jurisdiction only, which means that it has jurisdiction to review an order or decree of an inferior court. *Ward Sch. Bus Mfg. v. Fowler*, 261 Ark. 100, 547 S.W.2d 394 (1977); *see also Houston Constr. Co. v. Young*, 271 Ark. 455, 609 S.W.2d 895 (1980).

This court decides if the trial court erred in reaching a decision. This court does not make the decision. Long ago in *Stroud v. Crow*, 209 Ark. 820, 192 S.W.2d 548 (1946), we similarly stated:

> Furthermore, this is a court of appellate jurisdiction, and we do not decide issues not directly or indirectly presented in or decided by the trial court. "The constitution vests in this court only appellate and supervisory jurisdiction, and not original jurisdiction, in controversies between individuals." *May v. Ausley*, 103 Ark. 306, 146 S.W. 139; *Missouri Pacific Railroad Company v. J. W. Myers Commission Company*, 196 Ark. 976, 120 S.W.2d 693.

*Stroud*, 209 Ark. at 823. Because the circuit court did not rule on the issue of the constitutionality of the new grandparent visitation act, there is nothing for this court to review. This court cannot and will not decide the issue of the constitutionality of the statute for the first time on appeal.

### *Lack of Competent Evidence of Harm*

■ Gwin argues that if this court holds that the statute is constitutional, then there was a lack of competent evidence to prove the statutory element that loss of the relationship will cause harm. Because Gwin failed to successfully challenge the constitutionality of section 9-13-103, constitutionality of the statute is not at issue in this case.

■ Gwin argues that there was a lack of competent evidence of harm because no expert witnesses were presented on the issue of whether a denial of visitation would harm Kayne. Gwin offers no authority for the position that a decision on visitation must be reversed for a lack of competent evidence where no expert testimony has been offered in the case. We will not consider a point raised on appeal where the appellant fails to cite authority. *Southern Farm Bureau Cas. Ins. Co. v. Daggett*, 354 Ark. 112, 118 S.W.3d 525 (2003).

## Preponderance of the Evidence

■ Gwin argues that the trial court's decision on visitation was in error because the appellees failed to meet the burden of proof of showing by a preponderance of the evidence that loss of the relationship would harm the child. Gwin also asserts that the decision of the trial court was contrary to the preponderance of the evidence. As authority, Gwin cites *Montgomery v. Bolton*, 349 Ark. 460, 79 S.W.3d 354 (2002) and *Capitol Life & Accident Ins. Co.*, 76 Ark. App. 428, 66 S.W.3d 678 (2002). Gwin cites *Montgomery, supra*, in support of his argument that the trial court's decision that Kayne would likely be harmed by denial of visitation with the Daniels was an abuse of discretion. Among other things, *Montgomery, supra*, stands for the proposition that a decision on child support will not be reversed absent an abuse of discretion. Gwin cites *Capitol Life, supra*, in support of the argument that a mother's decision on visitation is paramount and should override the deference generally given trial judges on witness credibility. *Capitol Life* stands for, among other things, the proposition that deference on credibility of witnesses is granted to the trial judge based on superiority of the trial judge's position in viewing the witnesses. Neither case provides convincing authority for the cited proposition. Assignments of error that are unsupported by convincing authority will not be considered. *Holcombe v. Marts*, 352 Ark. 201, 99 S.W.3d 401 (2003).

Affirmed.