William Greg SMITH *v.* STATE of Arkansas

CR 05-202                                    215 S.W.3d 626

Supreme Court of Arkansas
Opinion delivered October 13, 2005

[Rehearing denied November 17, 2005.]

*Montgomery, Adams & Wyatt, PLC,* by: *Dale E. Adams,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Vada Berger,* Ass't Att'y Gen., for appellee.

J IM HANNAH, Chief Justice. William Greg Smith appeals his conviction for engaging a child in sexually explicit conduct for use in a print medium. Smith raises one issue on appeal. He alleges

that Ark. Code Ann. § 5-27-303 (Supp. 2003) is unconstitutionally vague as applied to the facts of this case. However, while he moved below in the circuit court and obtained a ruling on the constitutionality of Ark. Code Ann. § 5-27-304 (Repl. 1997), he did not do so with respect to Ark. Code Ann. § 5-27-303. We affirm for failure to obtain a ruling on the issue of the constitutionality of Ark. Code Ann. § 5-27-303 in the circuit court.

On June 21, 2004, Smith filed a motion to declare Ark. Code Ann. § 5-27-304 unconstitutional "as being overly broad and vague." This motion was noted by the court in a hearing on April 22, 2004, and taken under submission on that date. In a letter dated November 18, 2004, the circuit court stated:

> The Court next considered the Defendant's Motion to Declare Ark. Code Ann. § 5-27-304 Unconstitutional as Being Overly Broad and Vague.
>
> Based upon the matters presented and argument of counsel, this motion is denied.

At trial, Smith renewed this motion on the constitutionality of the "statute involved." No mention of Ark. Code Ann. § 5-27-303 was made by Smith, and the prior motion referenced was on Ark. Code Ann. § 5-27-304.

There was no ruling below on the constitutionality of Ark. Code Ann. § 5-27-303. We have repeatedly stated that we will not address arguments raised for the first time on appeal. *Gwin v. Daniels*, 357 Ark. 623, 184 S.W.3d 28 (2004); *Fair Store No. 23 v. Denison*, 168 Ark. 603, 271 S.W. 327 (1925). While this court desires to reach all issues presented to it, this issue was not preserved for appellate review. Appellate jurisdiction means that this court has jurisdiction to review an order or decree of a lower court. *Lewellen v. Sup. Ct. Comm. On Prof'l Conduct*, 353 Ark. 641,110 S.W.3d 263 (2003). We do not decide issues that were not decided by the lower court. *Gwin, supra*. Because the circuit court did not rule on the issue of the constitutionality of Ark. Code Ann. § 5-27-303, there is nothing for this court to review on this appeal.

Affirmed.