
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-13-3

| | |
|---|---|
| BANK OF THE OZARKS, INC., and BANK OF THE OZARKS<br><br>APPELLANTS<br><br>V.<br><br>ROBERT WALKER, ANN B. HINES, and JUDITH BELK<br><br>APPELLEES | **Opinion Delivered** September 18, 2013<br><br>APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. CV-2011-777]<br><br>HONORABLE SANDY HUCKABEE, JUDGE<br><br>REVERSED AND REMANDED |

## RHONDA K. WOOD, Judge

Appellant, Bank of the Ozarks, appeals from the denial of its motion to compel arbitration of appellees' class-action complaint.[1] The circuit court ruled that the arbitration clause in the deposit agreement between the bank and appellees was unconscionable. The bank argues that the circuit court erred and that the arbitration clause is enforceable. We agree and reverse and remand for entry of an order compelling arbitration.

Appellees each have a checking account with the bank. A deposit agreement governs these relationships and includes, among other things, an arbitration clause,[2] a class-

---

[1] An order denying a motion to compel arbitration is immediately appealable. Ark. R. App. P.–Civil 2(a)(12) (2012).

[2] The arbitration clause reads as follows:

> **ARBITRATION.** You or we may require that any controversy or claim relating to this agreement, or breach of it, be resolved through arbitration administered by the American Arbitration Association under its

action waiver, and a jury-trial waiver. Appellees have filed a class-action complaint, arguing that the bank had intentionally processed more expensive debit transactions first in order to capitalize on overdraft charges. In lieu of an answer, the bank moved to compel arbitration under the agreement. However, the circuit court found that the arbitration provision was unconscionable and unenforceable and denied the bank's motion to compel.

We review the circuit court's order denying a motion to compel de novo on the record. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 375 Ark. 24, 289 S.W.3d 37 (2008). In a de novo review, we review the evidence and the law without deference to the trial court's rulings. *Terminix Int'l Co. v. Trivitt*, 104 Ark. App. 122, 289 S.W.3d 485 (2008). Arbitration is strongly favored as a matter of public policy as a less expensive and more expeditious means of settling litigation and relieving docket congestion. *CEI Eng'g Assocs. v. Elder Constr. Co.*, 2009 Ark. App. 259, 306 S.W.3d 447.

In assessing whether a particular contract or provision is unconscionable, we review the totality of the circumstances surrounding the negotiation and execution of the contract. *State ex rel. Bryant v. R & A Inv. Co.*, 336 Ark. 289, 985 S.W.2d 299 (1999). Two important considerations are whether there is a gross inequality of bargaining power between the parties to the contract and whether the aggrieved party was made aware of and comprehended the provision in question. *Id.*

Here, the circuit court also considered additional factors that federal district courts in Arkansas have applied regarding unconscionability. First, it considered whether the

---

commercial rules. Judgment on any award rendered by the arbitrator may be entered in any court having jurisdiction.

SLIP OPINION

words were hidden in a maze of fine print and whether the agreed upon terms were in a prolix printed form drafted by the party seeking to enforce the disputed terms. *See Enderlin v. XM Satellite Radio Holdings, Inc.*, No. 4:06-CV-0032 GTE, 2008 WL 830262 (E.D. Ark. Mar. 25, 2008). Second, the court considered whether the arbitration provision's terms were "harsh, one-sided, or oppressive." *Gobeyn v. Travelers Indem. Co.*, No. 1:09CV00034 JLH, 2009 WL 3148755 (E.D. Ark. Sept. 24, 2009). While no Arkansas state case requires it, the circuit court appeared to rule that the arbitration clause was both substantively and procedurally unconscionable. Without deciding whether both are required, we hold that appellees failed to prove either one.

First, the record lacks any evidence surrounding the negotiations and execution of the deposit agreement. No evidence, testimony, or affidavits were presented, and the court relied only on the pleadings and arguments of counsel. Statements by counsel are not evidence. *See Roberts v. Green Bay Packaging, Inc.*, 101 Ark. App. 160, 272 S.W.3d 125 (2008). Thus, the court could not know whether appellees read the deposit agreement, understood its terms, or any of the circumstances surrounding its execution. Second, there is nothing unconscionable about the arbitration clause itself. Either party can request arbitration, so the provision does not offend the mutuality doctrine. *See Asbury Auto. Used Car Ctr. v. Brosh*, 364 Ark. 386, 391, 220 S.W.3d 637, 640–41 (2005) (holding that "[m]utuality within the arbitration agreement itself is required" and that "[a] lack of mutuality to arbitrate in arbitration clauses renders the clauses void as to the bound party."). This belies the circuit court's conclusion that the arbitration clause was one-sided because either party could choose arbitration over a courtroom.

In short, appellees presented no persuasive proof on the relevant unconscionability considerations. Therefore, it was error for the circuit court to deny the bank's motion to compel on those grounds. Appellees only presented counsel's arguments regarding the agreement's execution. Those arguments are not evidence. Further, nothing in the agreement itself is substantively unconscionable—it contains mutual promises, and either party can require arbitration. Under our de novo review, we reverse the order denying the motion and remand the case for entry of an order compelling arbitration. *See CEI Eng'g, supra.*

Finally, appellees argue, for the first time on appeal, that no valid agreement to arbitrate even exists. It is true that "[a] threshold inquiry is whether an agreement to arbitrate exists; that is, whether there has been mutual agreement, with notice as to the terms and subsequent assent." *Alltel Corp. v. Sumner,* 360 Ark. 573, 576, 203 S.W.3d 77, 80 (2005). But we do not consider arguments raised for the first time on appeal and will not address an argument on appeal if a party has failed to obtain a ruling below. *Boellner v. Clinical Study Ctrs.,* 2011 Ark. 83, 378 S.W.3d 745. Whether an arbitration agreement exists was neither raised nor ruled on below, and we do not consider it now. *See Gwin v. Daniels,* 357 Ark. 623, 184 S.W.3d 28 (2004) (stating that failure to obtain a ruling precludes appellate review because, under appellate jurisdiction, we can only review a lower court's rulings or orders).

Reversed and remanded.

GRUBER and HIXSON, JJ., agree.

SLIP OPINION

CA 13-3

# IN THE ARKANSAS COURT OF APPEALS

BANK OF THE OZARKS, INC., and
BANK OF THE OZARKS                                        APPELLANTS

v.                                    Case No. 13-3

ROBERT WALKER, ANN B. HINES
And JUDITH BELK                                          APPELLEES

## APPELLANTS' ABSTRACT, BRIEF AND ADDENDUM

---

## ON APPEAL FROM THE CIRCUIT COURT OF LONOKE COUNTY

## THE HONORABLE SANDY HUCKABEE, CIRCUIT JUDGE

---

ROSE LAW FIRM,
a Professional Association
120 East Fourth Street
Little Rock, Arkansas 72201-2893
(501) 375-9131

By:    Richard T. Donovan (83054)
       Amanda K. Wofford (2005023)
       Betsy Turner-Fry (2010128)


**Attorneys for Appellants**



FILED

FEB 18 2013

LESLIE W. STEEN
CLERK

SLIP OPINION

# CA13-3

## IN THE ARKANSAS COURT OF APPEALS

BANK OF THE OZARKS, INC., and
BANK OF THE OZARKS      APPELLANTS

v.      NO. 13-3

ROBERT WALKER, ANN B. HINES,
and JUDITH BELK      APPELLEES

### ON APPEAL FROM THE CIRCUIT COURT OF LONOKE COUNTY

### THE HONORABLE PARKER SANDERS HUCKABEE, CIRCUIT JUDGE

### APPELLEES' BRIEF

Ruben Honik (PHV)
GOLOMB & HONIK, P.C.
1515 Market Street, Suite 1100
Philadelphia, PA 19102
(215) 985-9177

Randall K. Pulliam (#98105)
Breean Walas (#2006077)
CARNEY BATES & PULLIAM, PLLC
11311 Arcade Drive, Suite 200
Little Rock, Arkansas 72212
(501) 312-8500

FILED

MAR 07 2013

LESLIE W. STEEN
CLERK