KENNETH S. HIXSON, Judge *449 Appellant Michael Dodd appeals from an order of the trial court dismissing his complaint against appellees Highway Hauling Express Corporation et al. The order of dismissal was based on Dodd's failure to serve the appellees with the summons and complaint within 120 days after the filing of the complaint as required by Rule 4(i) of the Arkansas Rules of Civil Procedure. On appeal, Dodd argues that the trial court erred in dismissing his complaint because the parties had agreed to delay service to continue negotiations toward a settlement, and thus that the appellees were foreclosed from raising lack of timely service as a defense. We affirm.
On December 7, 2013, Michael Dodd and his wife, Tiffany Dodd, were in a vehicle stopped on the right shoulder of Interstate 40 in Faulkner County. Thereafter, the Dodds' vehicle was struck by a tractor trailer driven by Bernardin Rojas-Soriano. On December 2, 2016, just five days before the expiration of the statute of limitations, the Dodds brought a personal-injury complaint against Highway Hauling Express, Mr. Rojas-Soriano, and Belen Transport, among numerous other named and John Doe defendants.[1]
On December 21, 2017, appellees Highway Hauling Express, Mr. Rojas-Soriano, and Jorge L. Fuentes d/b/a Belen Transport filed a motion to dismiss the complaint. The appellees' motion was based on lack of timely service pursuant to Arkansas Rule of Civil Procedure 4(i), which provides in pertinent part:
(1) If service of the summons and a copy of the complaint is not made upon a defendant within 120 days after the filing of the complaint or within the time period established by an extension granted pursuant to paragraph (2) the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If service is by mail or by commercial delivery company pursuant to subdivision (d)(8)(A) & (C) of this rule, service shall be deemed to have been made for purposes of this subdivision (i) on the date that the process was accepted or refused.
(2) The court, upon written motion and a showing of good cause, may extend the time for service if the motion is made within 120 days of the filing of the suit or within the time period established by a previous extension. To be effective, an order granting an extension must be entered within 30 days after the motion to extend is filed, by the end of the 120-day period, or by the end of the period established by the previous extension, whichever date is later.
Because Michael Dodd's complaint was filed on December 2, 2016, the appellees asserted that Dodd had until April 1, 2017, to perfect service of process under Rule 4(i)(1).[2] The appellees asserted that Dodd had served none of the defendants and that Dodd had not obtained an extension of time to complete service under Rule 4(i)(2). The appellees thus asserted that Dodd's complaint must be dismissed.
*450 On December 26, 2017, Dodd filed a response to the appellees' motion to dismiss. In his response, Dodd did not deny that he had failed to serve any of the defendants within 120 days of the filing of his complaint. Instead, Dodd alleged that the defendants, particularly Highway Hauling Express, had agreed to waive service defenses in this case, particularly the defense of the timeliness of perfecting service of process. Dodd argued that because the defendants had waived timely service, the motion to dismiss should be denied. In Dodd's accompanying brief, he asserted that after the complaint was filed, Dodd's attorney and the insurance representative for Highway Hauling Express had agreed to waive timely service while they continued to engage in settlement negotiations. Dodd attached an affidavit of his attorney as evidence of the alleged agreement.
A hearing on the appellees' motion to dismiss was held on April 23, 2018. At the hearing, the appellees disputed Dodd's claim that there had been an agreement to waive service requirements. On April 25, 2018, the trial court entered an order granting the motion to dismiss stating that "the Court finds that the Motion to Dismiss is well taken and that the complaint must be dismissed pursuant to Ark. R. Civ. P. 4(i) and 12(b)(5)[3] for failure to timely serve any of the defendants."[4]
On appeal from the order dismissing his complaint, Dodd argues that the parties' agreement to delay service to negotiate a settlement foreclosed the appellees from raising a service defense. For this reason, Dodd contends that the trial court's order should be reversed.
Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. Raymond v. Raymond , 343 Ark. 480, 36 S.W.3d 733 (2001). Our case law is equally well settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. State v. West , 2014 Ark. 174, 2014 WL 1515898. The same reasoning applies to service requirements imposed by court rules. Id. Our service rules place "an extremely heavy burden on the plaintiff to demonstrate that compliance with those rules has been had." Williams v. Stant USA Corp. , 2015 Ark. App. 180, at 3, 458 S.W.3d 755, 758 (emphasis in original). Pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure, it is mandatory that the trial court dismiss the action if service is not made within 120 days of the filing of the complaint and no motion to extend is timely made. State v. West, supra.
Arkansas Rule of Civil Procedure 4(i)(1) requires that "[i]f service of process is not made on a defendant within 120 days after the filing of the complaint or within the time period established by an extension granted pursuant to paragraph (2) the action shall be dismissed[.]" (emphasis added). Rule 4(i)(2) provides that the court, "on written motion and a showing of good cause, may extend the time for service if the motion is made within 120 days of the filing of the suit[.]" The undisputed facts showed that Dodd failed to serve any of the defendants within 120 days of the filing of his complaint, nor did he file a written motion requesting an extension, *451 nor was any extension entered by the trial court on the record. When service requirements are not met, the trial court's jurisdiction extends only to the act of ordering a dismissal of the case and nothing more. Boyd v. Sharp Cty. Cir. Ct. , 368 Ark. 566, 247 S.W.3d 864 (2007).
Dodd argues that despite the clear language of the rule and corresponding precedent, the parties entered into an agreement to waive or extend service. We hold that the argument being raised in this appeal is not preserved for review because it was not ruled on by the trial court. In the trial court's order dismissing Dodd's complaint, it found that the complaint must be dismissed for lack of compliance with Rule 4(i). The trial court did not rule on the issue of whether there was any agreement between the parties to waive service requirements or the effect of any such agreement.[5]
It is a longstanding rule that a party's failure to obtain a ruling is a procedural bar to an appellate court's consideration of the issue on appeal. Gwin v. Daniels , 357 Ark. 623, 184 S.W.3d 28 (2004). An appellate court decides if a trial court erred in reaching a decision: it does not make the decision. Id. When there is no ruling by the trial court on a particular issue and that issue is challenged on appeal, there is nothing for an appellate court to review. Id.
Because the trial court did not rule on the issue of whether there was an agreement between the parties to waive timely service, there is nothing for this court to review. We cannot and will not decide the issue for the first time on appeal.[6] See Gwin, supra. Therefore, we affirm the trial court's order dismissing Dodd's complaint.
Affirmed.[7]
Tiffany Dodd's claim against the defendants was settled in June 2017, she received settlement checks in July 2017, and she executed a release and indemnity agreement in September 2017. Thus, Tiffany is not a party to this appeal.
Because April 1, 2017, was a Saturday, Dodd's last day to accomplish service was actually April 3, 2017.
Rule 12(b)(5) provides that a defendant may file a motion to dismiss for insufficiency of service of process.
Because the statute of limitations had expired, the dismissal was with prejudice. See McCoy v. Montgomery , 370 Ark. 333, 259 S.W.3d 430 (2007) (dismissal without prejudice language in Rule 4(i) does not apply if the plaintiff's actions are otherwise barred by the running of the statute of limitations).
In support of his argument, Dodd does not cite an Arkansas case. Instead, he relies on two unpublished cases from other jurisdictions for the proposition that a defendant should be foreclosed or estopped from asserting an insufficient-service-of-process defense under the circumstances in this case. See Clark v. Powers , 2016 WL 4413348 (Tenn. Ct. App. 2016), and Cannon v. Breeden , 1997 WL 148634 (Wash. Ct. App. 1997). However, because we conclude that the appellant failed to obtain a ruling from the trial court as to whether an agreement herein existed, these cases are not relevant and will not be addressed herein.
Hence, we decline to opine as to whether such an agreement is or is not enforceable.
Prior to submission of the case, the parties filed a joint motion for clarification. The motion was passed until the case was submitted. Due to our affirmance of the case, the parties' motion is moot.