2010 Ark. 76

ARKANSAS MEDIA, LLC, an Arkansas Limited Liability Company; Equity Broadcasting Corporation, an Arkansas Corporation; Larry E. Morton; Greg W. Fess; Max W. Hooper; Henry G. Luken, III; Robert B. Becker; Sandra Morton Life Trust; Judy Fess Life Trust; and Mindy Roberts Hooper Life Trust, Appellants,

v.

Max E. BOBBITT; Robert D. & Margaret Keith Revocable Trust; Sharon K. Trusty; Don B. Vollman Revocable Trust; Terry Williams; and Joe T. Wilson, Jr., on Behalf of Themselves and All Others Similarly Situated, Appellees.

No. 09–834.

Supreme Court of Arkansas.

Feb. 18, 2010.

Williams & Anderson PLC, by: Peter G. Kumpe and Stephen A. Hester, Little Rock, for appellants.

Carney Williams Bates Bozeman & Pulliam, PLLC, by: Marcus N. Bozeman and Tiffany Oldham, Little Rock, for appellees.

PAUL E. DANIELSON, Justice.

Appellants Arkansas Media, LLC; Larry E. Morton; Greg W. Fess; Max W. Hooper; Henry G. Luken, III; Robert E. Becker; the Sandra Morton Life Trust; the Judy Fess Life Trust; and the Mindy Roberts Hooper Life Trust (collectively "Arkansas Media")[1] appeal from the circuit court's order granting class certification pursuant to Arkansas Rule of Civil Procedure 23 to appellees Max E. Bobbitt; Robert D. and Margaret Keith Revocable Trust; Sharon K. Trusty; Don B. Vollman Revocable Trust; Terry Williams; and Joe T. Wilson, Jr., on behalf of themselves and all others similarly situated (collectively "the Class"). Arkansas Media asserts that the circuit court abused its discretion in granting class certification because: (1) the typicality requirement is not satisfied; (2) the individual issues would predominate at trial and would destroy commonality; (3) a class action is not the superior method for a fair and efficient adjudication of the case; and (4) class certification is improper because the remedy the Class seeks is worthless. We affirm the circuit court's order.

The instant class-action litigation stems from a proposed merger between Equity Broadcasting Corporation ("EBC") and Coconut Palm Acquisition Company ("CPAC"). On July 31, 2007, a fourth amended complaint was filed by the Class. In it, the Class asserted four counts against Arkansas Media: (1) a class-action claim for breach of fiduciary duty and violation of Arkansas Code Annotated § 4-27-1101; (2) a class-action claim for the creation of a constructive trust; (3) a derivative claim for breach of fiduciary duty and declaratory judgment; and (4) a derivative claim for the creation of a constructive trust. That same day, the Class filed a motion for class certification pursuant to Ark. R. Civ. P. 23.

In its memorandum-of-law-in-support of its class-certification motion, the Class provided the following statement of facts, which details, generally, its allegations against Arkansas Media:

In the class action, Lead Plaintiffs, on behalf of themselves and all other putative Class members, seek to prove a uniform and concerted common course of wrongful conduct by Defendants arising from Defendants' violation of the Arkansas Business Corporation Act of 1987, Ark.Code Ann. §§ 4-17-1101 et seq. (the "Act"), and breach of their fiduciary duties to holders of EBC's Class A common stock ("Class A Shareholders"). Lead Plaintiffs allege that Defendants concealed material facts from Lead Plaintiffs and the Class about the Company's proposed merger with Coconut Palm Acquisition Corporation ("CPAC"), and about a buy-out of a management agreement (the "Management Agreement") between EBC and Arkansas Media[.] ... Lead Plaintiffs allege that Defendants failed to adequately disclose to EBC's shareholders, in particular, the Class A Shareholders,

1. Although Equity Broadcasting Corporation was listed as a defendant and nominal defendant on Arkansas Media's notice of appeal, it is not a party to the instant appeal.

the pertinent and material details about the Company's planned merger with CPAC and its related transactions (the "Merger"), including highly significant facts about the Management Agreement which were critical and necessary to properly evaluate and assess the Merger and its related transactions.

Lead Plaintiffs allege, *inter alia*, that Defendants (a) failed to inform Lead Plaintiffs and the Class of the impact the Merger would have on their Class A Common Stock; (b) failed to provide accurate pro forma financial information for the combined entity; and (c) failed to reveal their significant conflicts of interest and the details of this lawsuit [sic], information that was pertinent to the decision to be made and was required to be revealed under the Act. Lead Plaintiffs further allege that, in violation of Ark.Code Ann. §§ 4–27–1103(a) and 1101(b)(2), EBC management failed to provide *any* information to EBC's Class A Shareholders that would allow them to make an educated assessment of the fair market value of EBC's assets and the resulting fair market value of EBC's Class A Common Stock. The omitted information was material to the evaluation by EBC shareholders as to whether the Merger and its related transactions were in their financial best interests. As a result of Defendants' withholding or concealment of material information, the Merger was approved by EBC shareholders, albeit without the benefit of the information Lead Plaintiffs contend was critical to that decision. As a result, the Individual Defendants, who controlled EBC and own 100% of the Company's Class B common stock, profited handsomely from the merger, while the Class A Shareholders were relegated a disproportionate sum, which was grossly inadequate and unfair. As relief for the injuries sustained by the putative

Class, Lead Plaintiffs seek damages for Defendants' breach of their ₁₄fiduciary duties to EBC and its shareholders and the imposition of a constructive trust, with the Class as its beneficiary, for the excess shares received by the holders of EBC's Class B common stock.

On December 10, 2007, Arkansas Media filed its response in opposition of the class-certification motion. It asserted that a class action was inappropriate for several reasons, including: (1) the derivative claims should be separated from the direct claims; (2) a multitude of individual issues overwhelmed any common ones; (3) a class action was not the superior method of adjudicating the Class's claims; and (4) typicality was not satisfied. The Class replied, asserting that Rule 23's requirements were satisfied.

On August 17, 2008, the circuit court held a hearing on the Class's motion for class certification, at the conclusion of which the circuit court took the matter under advisement. Four days later, the circuit court entered an order granting the Class's motion for voluntary dismissal of its derivative claims and dismissing those claims without prejudice. Arkansas Media, with leave of the circuit court, then supplemented its objections to the motion for class certification. It asserted that, since the hearing on the motion for class certification, EBC's successor company, Equity Media Holdings Corporation ("EMHC"), had filed for Chapter 11 bankruptcy protection. It then amended its superiority argument, adding that:

> [i]n the instant case, it is beyond serious dispute that the shares of EBC's successor corporation, EMHC, are substantially worthless. As such, even if the Plaintiffs' putative class was certified, and even if the Plaintiffs were able to prove unlawful conduct on the part of the Defendants, which they cannot, then at the

end of multiyear litigation that would consume a great deal of financial and judicial resources, the putative class would be left with nothing. Such a result demonstrates the inefficiency of this matter proceeding on a class basis and provides even more proof that the instant class does not satisfy the superiority requirement of Rule 23.

On April 16, 2009, the circuit court entered its order granting class certification. In its order, the circuit court found that each of the requirements of Ark. R. Civ. P. 23 was satisfied and defined the class as follows:

The Class consists of all holders of EBC Class A common stock as of March 30, 2007. Excluded from the Class are the Defendants [Arkansas Media, LLC; Larry E. Morton; Greg W. Fess; Max W. Hooper; Henry G. Luken, III; Robert B. Becker; Sandra Morton Life Trust; Judy Fess Life Trust; and Mindy Roberts Hooper Life Trust], members of the immediate families of each of the Defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

(Footnote omitted.) Arkansas Media now appeals, challenging the circuit court's findings on only three of Rule 23's requirements: typicality, predominance, and superiority.

■ Rule 23 governs class actions and provides, in pertinent part:

(a) *Prerequisites to Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties and their counsel will fairly and adequately protect the interests of the class.

(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. At an early practicable time after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. For purposes of this subdivision, "practicable" means reasonably capable of being accomplished. An order under this section may be altered or amended at any time before the court enters final judgment. An order certifying a class action must define the class and the class claims, issues, or defenses.

Ark. R. Civ. P. 23(a), (b) (2009). Our law is well settled that the six requirements for class-action certification include: (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority. *See Teris, LLC v. Chandler,* 375 Ark. 70, 289 S.W.3d 63 (2008). The determination that the class-certification criteria have been satisfied is a matter within the broad discretion of the circuit court, and this court will not reverse the circuit court's decision absent an abuse of that discretion. *See id.* In reviewing a class-certification order, this court focuses on the evidence in the record to determine whether it supports the circuit court's con-

clusion regarding certification. *See id.* Neither the circuit court nor this court shall delve into the merits of the underlying claims when deciding whether the Rule 23 requirements have been met. *See id.* A circuit court may not consider whether the plaintiffs will ultimately prevail or even whether they have a cause of action. *See id.* We, thus, view the propriety of a class action as a procedural question. *See id.*

## I. Typicality

For its first point on appeal, Arkansas Media challenges the circuit court's finding regarding typicality. It contends that the putative class representatives differ from the remaining class members and, therefore, typicality was not met. It contends that the class representatives will not be able to prove that they were the victims of fraud, nor that they were damaged as a proximate cause of any breach of Arkansas Media's fiduciary duties. Arkansas Media then addresses each class representative separately, arguing that each was either a sophisticated, experienced investor or was thoroughly advised by a financial advisor regarding the proposed merger, which it claims subjects them to a unique defense with respect to the Class's claims to which none of the other class members would be subjected. For this reason, it urges that their claims are not typical and class certification is inappropriate.

The Class responds that all persons within the certified class were victims of the same unlawful course of conduct—Arkansas Media's concealment of material facts concerning the proposed merger. Because the Class's claims arise from a common nucleus of operative facts and are based on the same legal theory, the Class asserts its class representatives' interests are typical of the class they represent. It avers that Arkansas Media's analysis of potential defenses that Arkansas Media may assert is of no value because it inap-

propriately delves into the merits of the litigation.

Here, the circuit court found that the typicality requirement had been met, stating:

The claims of Plaintiffs are typical of the claims of the Class. The Lead Plaintiffs, as proposed class representatives, satisfy the typicality requirement because Defendants' conduct towards the Lead Plaintiffs is allegedly typical of Defendants' conduct toward all members of the Class. Lead Plaintiffs are Class A Common Stock shareholders of EBC whose interests were allegedly unprotected in the Merger and who allegedly received inadequate and unfair consideration for their shares in the Merger. Lead Plaintiffs alleged that they received inadequate notice of and information about the proposed Merger, were given insufficient time to consider the ramifications of the proposal, were not fully informed of all aspects of the proposed Merger, and were kept in the dark about material issues relating to the proposed Merger and its effect on the value of EBC common stock. Lead Plaintiffs seek to represent all other Class A Common Stock shareholders who were similarly allegedly affected by the actions of Defendants. Thus, Lead Plaintiffs' interests are consistent with those of the Class they seek to represent.

■■ In *Summons v. Missouri Pacific Railroad,* this court adopted the following explanation of Ark. R. Civ. P. 23's typicality requirement:

Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other

words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.

306 Ark. 116, 121, 813 S.W.2d 240, 243 (1991) (quoting H. Newberg, *Class Actions* § 3.13 (2d ed.1985) (footnotes omitted)). When analyzing this factor, we focus upon the defendant's conduct and not the injuries or damages suffered by the plaintiffs. *See FirstPlus Home Loan Owner 1997–1 v. Bryant,* 372 Ark. 466, 277 S.W.3d 576 (2008). Moreover, the class representative's claim must only be typical and not identical. *See Asbury Auto. Group, Inc. v. Palasack,* 366 Ark. 601, 237 S.W.3d 462 (2006).

In this case, both the class representatives and the class allege the same unlawful conduct by Arkansas Media—in essence, that the information and notice provided to the Class A shareholders regarding the proposed merger were inadequate. Moreover, each class member is asserting the same claims. While Arkansas Media argues that the class representatives may be subject to certain defenses to which other class members may not be subject, we have previously rejected such arguments, holding that a defendant's individual defenses or claims against particular class members or subsets of class members does not defeat the initial inquiry. *See, e.g., The Money Place, LLC v. Barnes,* 349 Ark. 518, 78 S.W.3d 730 (2002). General defenses asserted against putative class representatives may be just as applicable to other members of the class and may warrant the establishment of subclasses. *See Tay–Tay, Inc. v. Young,* 349 Ark. 675, 80 S.W.3d 365 (2002). Because the class representatives' claims arise from the same course of conduct giving rise to the claims of the other class members, and because those claims are based on the same legal theories, we hold that the circuit court did not abuse its discretion in concluding that the requirement of typicality was satisfied.

## II. Predominance

Arkansas Media further argues that the predominance requirement has not been satisfied. It claims that while the Class has not specifically alleged fraud, its allegations amount to such a claim, and the individual issue of whether each member of the class relied on Arkansas Media's alleged misrepresentations would predominate. With respect to the Class's breach-of-fiduciary-duty claim, it avers that the element of proximate cause would also require individual examination. Therefore, Arkansas Media contends, class certification is inappropriate because were the case tried as a class action, these individual issues would overwhelm the common issues. The Class counters that the common questions of law and fact that predominate are (1) whether Arkansas Media failed to disclose material and relevant facts and information, including the details of the merger plan as required by statute, to EBC's shareholders prior to the vote on the proposed merger; and (2) if there was a failure, whether Arkansas Media breached its fiduciary duty to EBC's shareholders and constituted an unlawful act under Ark.Code Ann. § 4–27–1302(b), which addresses the rights of a dissenting share-

holder. The Class contends that for it to prove that Arkansas Media acted unlawfully, questions of reliance will not necessarily arise in the litigation.

Here, the circuit court found that common questions existed, which predominated over any individual issues:[2]

3. Questions of law and fact are common to the Class and such common questions predominate over any questions affecting individual members of the Class. In the instant case, Plaintiffs' [sic] allege that the Lead Plaintiffs and each Class member received the same notices from Defendants and the same information concerning the Merger and Merger Agreement to be voted on at the shareholders' meetings. The alleged facts surrounding the events leading up to the approval of the Merger are common to all Class members, and all Class members were allegedly harmed in the same manner by the actions of Defendants.

. . . .

7. In this case, it is apparent that the common issues of law and fact predominate over any individual issues or defenses. The predominating issue central to this case is whether Defendants failed to disclose material and relevant facts and information, including the details of the proposed Merger plan as required by Ark.Code Ann. § 4–27–1101 ("Act") to EBC's shareholders prior to their being asked to approve the proposed Merger, and, whether, by this failure to disclose Defendants breached their fiduciary duties.

(Footnote omitted.)

■▬▬▬ We have held that the starting point in examining the issue of predomi-

nance is whether a common wrong has been alleged against the defendant. *See General Motors Corp. v. Bryant,* 374 Ark. 38, 285 S.W.3d 634 (2008). If a case involves preliminary, common issues of liability and wrongdoing that affect all class members, the predominance requirement of Rule 23 is satisfied even if the circuit court must subsequently determine individual damage issues in bifurcated proceedings. *See id.* We have recognized that a bifurcated process of certifying a class to resolve preliminary, common issues and then decertifying the class to resolve individual issues, such as damages, is consistent with Rule 23. *See id.* In addition, we have said that:

[t]he predominance element can be satisfied if the preliminary, common issues may be resolved before any individual issues. In making this determination, we do not merely compare the number of individual versus common claims. Instead, we must decide if the issues common to all plaintiffs "predominate over" the individual issues, which can be resolved during the decertified stage of bifurcated proceedings.

*Id.* at 44, 285 S.W.3d at 639 (quoting *ChartOne, Inc. v. Raglon,* 373 Ark. 275, 286, 283 S.W.3d 576, 584 (2008)). Our inquiry is whether there is a predominating question that can be answered before determining any individual issues.

■▬▬▬ We hold that the circuit court did not abuse its discretion in finding that the requirement of predominance was met. The common issue that predominates here is whether Arkansas Media breached a fiduciary duty by failing to disclose all relevant information with respect to the proposed merger. This overarching issue can be resolved before the circuit court

---

**2.** It was noted by the circuit court in its order that Arkansas Media conceded commonality, and Arkansas Media does not challenge the

circuit court's finding on commonality on appeal.

reaches any of the individualized questions raised by Arkansas Media. *See id.*

While Arkansas Media claims that predominance is destroyed by the fact that each class member will have to prove reliance or proximate cause, we have repeatedly rejected such a claim. The mere fact that individual issues and defenses may be raised by a defendant regarding the recovery of individual class members cannot defeat class certification where there are common questions concerning the defendant's alleged wrongdoing that must be resolved for all class members. *See FirstPlus Home Loan Owner 1997–1, supra.* Moreover, we have observed that "[c]hallenges based on the statutes of limitations, fraudulent concealment, releases, causation, or reliance have usually been rejected and will not bar predominance satisfaction because those issues go to the right of a class member to recover, in contrast to underlying common issues of the defendant's liability." *SEECO, Inc. v. Hales*, 330 Ark. 402, 413, 954 S.W.2d 234, 240 (1997) (quoting 1 Herbert B. Newberg, *Newberg on Class Actions* § 4.26, at 4–104 (3d ed.1992)). We cannot say that the circuit court abused its discretion in its finding of predominance.[3]

### III. Superiority

Arkansas Media next contends that the circuit court abused its discretion in finding that the superiority requirement was satisfied. It again asserts that because the merger disclosure and results are not disputed, the most significant factual inquiry is the question of class members' reliance. It claims that where threshold individualized issues predominate, the class-action procedure is not superior. The Class responds that Arkansas Media is simply "regurgitating" its lack-of-predominance argument. It maintains that the heart of its case is focused on Arkansas Media's misrepresentations and/or omissions concerning the merger and that a class action is the superior method for determining this issue.

Arkansas Media's argument that superiority is lacking is premised on its lack-of-predominance argument, which we have already rejected. Accordingly, we hold that the circuit court did not abuse its discretion in finding superiority.

### IV. Worthless Remedy

Arkansas Media, for its final point on appeal, argues that because EMHC, the surviving entity of the merger, filed for bankruptcy, the Class's proposed constructive trust would have no value. It contends that even if the Class were successful on its claims, the Class would be left with nothing at the end of multi-year litigation. For this reason, it claims a class action is inefficient and superiority is destroyed. The Class responds that Arkansas Media's contention "rests on presumptions that are premature and unwarranted at this stage of a case." It avers that to accept Arkansas Media's invitation to rule on the nature and source of any recovery would be to pass directly on the merits of the litigation.

---

3. In its brief, Arkansas Media, without further argument or citation to authority, asserts "that any procedure which would result in one jury deciding common issues and another jury deciding individual issues would result in a violation of Article 2, section 7 of the Arkansas Constitution, the right to a jury trial." We note that we have previously rejected such an argument at this juncture, holding that "we do not know at the point of certification whether more than one jury would ultimately be necessary, and we will not speculate on the question of the inevitability of bifurcated trials or issue an advisory opinion on an issue that well may not develop." *General Motors Corp.*, 374 Ark. at 51, 285 S.W.3d at 645. We, therefore, decline to address Arkansas Media's contention.

We find Arkansas Media's argument on this point to hold no merit, as the cases relied on by Arkansas Media in no way support its proposition that a lack of remedy by itself defeats a finding of superiority. For example, in *Polar International Brokerage Corp. v. Reeve*, 187 F.R.D. 108 (S.D.N.Y.1999), the federal district court did rely on its finding that the class would receive nothing of value, but it did so in rejecting a proposed settlement, not in refusing to certify the class action based on a lack of superiority. Likewise, in *In re MCA, Inc.*, 598 A.2d 687 (Del.Ch.1991), the court found that there was no real monetary benefit to the class members from the proposed settlement and, therefore, rejected the proposed class-action settlement. *See also Pattillo v. Schlesinger*, 625 F.2d 262 (9th Cir.1980) (affirming denial of class certification based, in part, on lack of superiority in that (1) class action was not superior to ongoing administrative proceedings for the notification and payment of certain class members; (2) class action was not an appropriate vehicle to spur the defendants to more vigorous efforts of locating and notifying those entitled to payment; (3) any claims paid would be reduced by costs and attorney's fees; and (4) the principal beneficiaries of class action would be class counsel); *Cotchett v. Avis Rent A Car Sys., Inc.*, 56 F.R.D. 549 (S.D.N.Y.1972) (denying certification due, in part, to a lack of superiority, not only because the amount of recovery would have been but a fraction of a dollar, but because a significant portion of the class might have excluded themselves due to an offset of their recovery by substantial counterclaims and because individual notice of the action would have been required). Because Arkansas Media has presented this court with no convincing authority or argument on this issue, we hold that this issue has no merit.

For all of the foregoing reasons, we affirm the circuit court's order granting class certification.

Affirmed.