2010 Ark. 241

**FARMERS UNION MUTUAL INSURANCE COMPANY, INC., Appellant,**

v.

**Randall and Heather ROBERTSON, Individually and on Behalf of a Class of All Arkansans Similarly Situated, Appellees.**

No. 09–619.

Supreme Court of Arkansas.

May 20, 2010.

Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., by: Hermann Ivester, Lyn P. Pruitt, and Jeffrey W. Hatfield, Little Rock, for appellant.

The Streett Law Firm, P.A., by: Alex G. Streett and James A. Streett, Russellville, and Price Waicukauski & Riley, LLC, by: William N. Riley and Joseph N. Williams, for appellees.

DONALD L. CORBIN, Justice.

Appellant, Farmers Union Mutual Insurance Company, Inc., appeals the order of the Pope County Circuit Court granting the motion of Appellees, Randall and Heather Robertson, to certify their case as a class action. As this is an interlocutory appeal from an order granting class certification, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(a)(8) (2010). *See* Ark. R.App. P.-Civ. 2(a)(9) (2010). Appellant asserts three points for reversal of the order granting class certification. We find no merit and affirm.

Appellees contracted with Appellant for an "actual cash value" homeowner's insurance policy on their real and personal property located in Atkins, Arkansas. The insurance policy provided coverage for the replacement and/or repair of Appellees' property, and defined "actual cash value" as "replacement cost of the property at the time of loss, less depreciation, not exceeding the amount it would cost to repair or replace with material of like kind and quality." Appellees' property was damaged in a tornado on February 5, 2008. Appellant adjusted Appellees' repair estimates and depreciated both materials and labor. Appellant tendered payment of Appellees' claim for damages to real and personal property, and Appellees filed suit in their individual capacity alleging that Appellant had improperly paid their personal-property claim and had illegally depreciated the labor portion of their real-property claim.

Appellees later amended their complaint twice and filed a class-action complaint on behalf of themselves and similarly situated Arkansans, alleging that Appellant had a common practice of depreciating the cost of labor when adjusting real-property damage. According to the second amended complaint, Appellees sought a declaratory judgment and a request for judgment, pursuant to Ark.Code Ann. § 23–79–208 (Supp.2009), for failure to timely and properly pay an insurance claim. Appellees moved for class certification. The circuit court held a hearing where it heard argument of counsel and later entered an order granting the motion for class certification. This interlocutory appeal followed.

Rule 23 of the Arkansas Rules of Civil Procedure governs class actions and provides, in pertinent part:

> (a) *Prerequisites to Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so

numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties and their counsel will fairly and adequately protect the interests of the class.

(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions $|_3$affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. At an early practicable time after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. For purposes of this subdivision, "practicable" means reasonably capable of being accomplished. An order under this section may be altered or amended at any time before the court enters final judgment. An order certifying a class action must define the class and the class claims, issues, or defenses.

Ark. R. Civ. P. 23(a), ·(b) (2010).

██ This court has reviewed the requirement of Rule 23 on numerous occasions, and our law is well settled that the party seeking certification must establish six requirements: (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority. *Ark. Media, LLC v. Bobbitt,* 2010 Ark. 76, 360 S.W.3d 129; *Teris, LLC v. Chandler,* 375 Ark. 70, 289 S.W.3d 63 (2008); *Mega Life & Health Ins. Co. v. Jacola,* 330 Ark. 261, 954 S.W.2d 898 (1997). The determination that the class-certification criteria have been satisfied is a matter within the broad discretion of the circuit court, and this court will not reverse the circuit court's decision absent an abuse of that discretion. *Ark. Media, LLC,* 2010 Ark. 76, 360 S.W.3d 129. In reviewing a class-certification order, this court focuses on the evidence in the record to determine whether it supports the circuit court's conclusion regarding certification. *Id.* Neither the circuit court nor this court shall delve into the merits of the underlying claims when deciding whether the Rule 23 requirements have been met. *Id.* A circuit court may not consider whether the plaintiffs will ultimately prevail or even whether they have a cause of action. *Id.* We, thus, view the propriety of a class action as a procedural question. *Id.*

$|_4$I. *Typicality and Adequacy*

██ As its first argument for reversal, Appellant contends that the circuit court abused its discretion in certifying the class because Appellees did not demonstrate that their claims are typical of the proposed class or that they are adequate class representatives. Appellant argues that Appellees failed to satisfy the typicality requirement because they have a claim for damage to personal property that the class members do not. Appellant argues further that Appellees' claims are not subject to unique defenses such as accord and satisfaction, waiver, and estoppel that are applicable to the class members' claims. Appellant contends that because Appellees' claims are atypical, they are not adequate class representatives.

At the outset, we address the part of Appellant's argument concerning the personal-property claim. Appellant's argument is based on the premise that Appellees have a pending claim for personal-property damage that is unique to Appellees while the putative class members only have claims for real-property damage.

Appellant contends that Appellees' personal-property claim alone makes their claim atypical of the class because the common issue of depreciation of labor does not affect the personal-property claim, and thus both the claim and the defenses Appellant would raise to it are unique to Appellees. Appellant contends further that this unique and pending personal-property claim is larger in amount than Appellees' real-property claim, and therefore creates a potential conflict of interest for Appellees as class representatives because it carries with it the opportunity for Appellees to advance their larger and unique personal-property claim to the detriment of the real-property claim shared with the class.

Despite all of Appellant's contentions to the contrary, the record before us simply does not demonstrate that Appellees have a personal-property claim, whether it be pending in this suit or in a separate suit. Our reasoning for this conclusion is twofold.

First, although Appellees did raise a claim for personal-property damage in their original complaint, that complaint has been twice amended. Both times, the amended complaints did not incorporate by reference the original complaint. And both times, the amended complaints did not raise a claim for personal-property damage. This court has stated with approval the "widely recognized doctrine that an amended complaint, unless it adopts and incorporates the original complaint, supersedes the original complaint." *James v. Williams,* 372 Ark. 82, 88, 270 S.W.3d 855, 860 (2008) (quoting *Edward J. DeBartolo Corp. v. Cartwright,* 323 Ark. 573, 577, 916 S.W.2d 114, 116 (1996)). Because the personal-property claim asserted in the original complaint was not incorporated by reference into the amended complaints and was not raised anew in the amended complaints, it is not a pending claim in the present suit. *See id.* It necessarily follows then, that Appellant cannot now rely on the superseded personal-property claim to support its contention that it is a unique claim that defeats the typicality requirement for class certification, or for any other reason. *See id.* Appellant's reliance on *Blaylock v. Shearson Lehman Bros., Inc.,* 330 Ark. 620, 954 S.W.2d 939 (1997), which held that a voluntary nonsuit is not effective without entry of judgment, is wholly misplaced in the present case because *Blaylock* did not involve the effect of amended pleadings on a claim raised in an original complaint.

Second, it is significant that this court previously refused Appellant's request to take judicial notice that the personal-property claim was raised anew in a related case and then nonsuited. We refused to do so because the circuit court did not consider the pleadings in that related case in making its decision in the present case. In *Farmers Union Mut. Ins. Co. v. Robertson,* 2009 Ark. 435, at 2, 2009 WL 3047542 (per curiam), this court stated:

> Farmers also asks this court to take judicial notice on appeal of various pleadings filed in a related case. Under appellate jurisdiction, this court reviews a decision of a lower court. *Smith v. State,* 363 Ark. 456, 457, 215 S.W.3d 626, 627 (2005). The pleadings Farmers asks us to consider were not considered by the circuit court in making the decision that is before us on appeal. How those pleadings might have affected the circuit court's decision is unknown. We do not decide an issue for the first time on appeal. *Id.* Appellate jurisdiction does not permit this court to retry cases or make findings of fact. *Looper v. Madison Guar. Sav. & Loan Ass'n,* 292 Ark. 225, 227–28, 729 S.W.2d 156, 157 (1987).

The motion to take judicial notice is denied.

Despite our previous denial of the request to take judicial notice of the related lawsuit, Appellant continues in its brief to ask this court to consider it on appeal. For the same reason previously expressed, lack of a record indicating the trial court considered the related suit below, we again decline to do so. We discuss the trial court's lack of consideration of the personal-property claim in further detail under Appellant's second point on appeal.

In summary, the record before us simply does not demonstrate that Appellees have a claim for personal-property damage that is pending, either in this suit or in a related one. We |₇therefore limit our analysis of Appellant's first point on appeal to the contention that the presence of unique defenses defeats the typicality and adequacy requirements.

We recently addressed a challenge to the typicality requirement and recited the following:

> In *Summons v. Missouri Pacific Railroad,* this court adopted the following explanation of Ark. R. Civ. P. 23's typicality requirement:
>
>> Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. When it is

alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims.

306 Ark. 116, 121, 813 S.W.2d 240, 243 (1991) (quoting H. Newberg, *Class Actions* § 3.13 (2d ed.1985) (footnotes omitted)). When analyzing this factor, we focus upon the defendant's conduct and not the injuries or damages suffered by the plaintiffs. *See FirstPlus Home Loan Owner 1991–1 [1997–1] v. Bryant,* 372 Ark. 466, 277 S.W.3d 576 (2008). Moreover, the class representative's claim must only be typical and not identical. *See Asbury Auto. Group, Inc. v. Palasack,* 366 Ark. 601, 237 S.W.3d 462 (2006).

*Ark. Media, LLC,* 2010 Ark. 76, at 8, 360 S.W.3d 129, 134–35.

In the present case, the circuit court found that the typicality requirement had been met, stating in its order as follows:

> Here, the claims of the Plaintiffs are representative and typical of the class as a whole. When it adjusted the Plaintiffs' property damage claim, Farmers Union depreciated the cost of labor. Farmers Union admits that the definition of Actual Cash |₈Value is identical in each of the class member's ACV Policies; and, it admits that it has adjusted the claims of the class members in the same way that it adjusted the Plaintiffs' claims, i.e., by depreciating the cost of labor. Therefore, the same conduct that gives rise to the Plaintiffs' claims (Farmers Union's depreciation of the cost of labor) gives rise to the proposed class members' claims, satisfying typicality.

◼ In determining that Appellees had satisfied the typicality requirement, the

circuit court correctly focused on the conduct of Appellant. Appellees, as class representatives, and the potential class members allege the same legal theory, which is breach of the actual cash value insurance policy, and the same unlawful conduct by Appellant, which they describe as depreciating the cost of labor as well as materials when adjusting claims under the actual cash value insurance policies. Indeed, as the circuit court found, Appellant admitted that it adjusted the claims of the potential class members in the same way that it adjusted Appellees' claims—by depreciating the cost of labor as well as the cost of materials. Thus, although Appellant argues that Appellees as class representatives may not be subject to the same defenses to which some of the putative class members may be subject, this court has repeatedly rejected such arguments, holding that a defendant's individual defenses or claims against particular class members or subsets of class members do not defeat the initial inquiry. *See, e.g., Ark. Media, LLC,* 2010 Ark. 76, 360 S.W.3d 129; *The Money Place, LLC v. Barnes,* 349 Ark. 518, 78 S.W.3d 730 (2002). We reiterate that "[o]ur caselaw is clear that the essence of the typicality requirement is the conduct of the defendants and not the varying fact patterns and degree of injury or damage to individual class members." *BNL Equity Corp. v. Pearson,* 340 Ark. 351, 357–58, 10 S.W.3d 838, 842 (2000). Thus, we conclude that, because Appellees' claim as class representatives arises from the same course of conduct that also gives rise to the claims of other potential class members, and because those claims are based on the same legal theory, the circuit court did not abuse its discretion in concluding that the typicality requirement was satisfied.

Finally, with respect to Appellant's first point on appeal, we note that while Appellant uses the word "adequacy" within its argument, Appellant does not per se challenge the three components of the adequacy requirement of Rule 23(a)(4) that this court has delineated as follows:

We have previously explained that the three elements of the adequacy requirement are: (1) the representative counsel must be qualified, experienced, and generally able to conduct the litigation; (2) that there be no evidence of collusion or conflicting interest between the representative and the class; and (3) the representative must display some minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision making as to the conduct of the litigation. *Jacola,* 330 Ark. at 275, 954 S.W.2d at 904.

*FirstPlus Home Loan Owner 1997–1 v. Bryant,* 372 Ark. 466, 477, 277 S.W.3d 576, 585 (2008). Appellant simply makes the assertion that Appellees' claims are atypical, therefore they cannot be adequate class representatives. As we have previously affirmed the trial court's decision that Appellees' claims are typical, we find no merit to this challenge to the adequacy requirement. Relevant to the second element of Rule 23's adequacy requirement, Appellant does argue, as we noted earlier, that Appellees' claim for damage to personal property creates a potential conflict of interest between Appellees as the class representative and the class. However, as we have previously concluded that any claim of Appellees for personal-property damage is not properly before us on this record, we need not address this argument any further.

## II. *Meaningful Review*

As its second point for reversal, Appellant contends that the circuit court abused its discretion by not undertaking enough of an analysis to enable us to conduct a meaningful review of the findings of typi-

cality and adequacy. Appellant acknowledges that this court does not require a rigorous analysis of Rule 23, but argues that some analysis of all salient facts is nevertheless required and that the circuit court failed to make any analysis of Appellees' personal-property claim. Appellant contends that the circuit court's references to Appellees' lesser claim for damage to their real property does not cure the lack of analysis as to how their greater claim for damage to personal property affects the requirements of typicality and adequacy. Appellant describes this as a failure by the circuit court to "address the elephant in the room" that is "fatal to the validity of [the circuit court's] order and constitutes an abuse of discretion."

As we noted previously when considering Appellant's first point on appeal, the record before us does not demonstrate that Appellees have a pending claim for damage to their personal property. Thus, as was much of Appellant's first point on appeal, its second point on appeal is based entirely on a false premise—there is simply no pending personal-property claim on this record that the circuit court failed to analyze. In short, we cannot say it was an abuse of discretion for the circuit court to fail to analyze a claim that no longer existed.

■ However, even assuming arguendo that such a personal-property claim was pending on the record before us, there is yet another obstacle to our reaching the merits of this argument on appeal. Appellant's failure to timely request specific findings in regard to the personal-property claim's effect on Rule 23's requirements of typicality and adequacy operates as a waiver of our review of this issue on appeal. When addressing the interplay between Rule 23 and Rule 52 of the Arkan-

sas Rules of Civil Procedure, this court has consistently held that an appellant who, pursuant to Rule 52, fails to timely request specific findings in regard to Rule 23 requirements either prior to or after the entry of the order of certification waives appellate review of issues related to those findings. *Baptist Health v. Haynes*, 367 Ark. 382, 240 S.W.3d 576 (2006); *Lenders Title Co. v. Chandler*, 353 Ark. 339, 107 S.W.3d 157 (2003); *Jacola*, 330 Ark. 261, 954 S.W.2d 898. While the supplemental record does indicate that Appellant filed with the circuit court a proposed order addressing the personal-property claim, which the circuit court rejected, Appellant had ten days after the order of certification was entered to ask the circuit court to make additional findings with respect to the effect of the personal-property claim on the Rule 23 requirements. The record does not indicate that Appellant ever made such a request.

### III. *Predominance and Superiority*

As its third point for reversal, Appellant contends that the circuit court abused its discretion in certifying the class because Appellees did not prove the requirements of predominance and superiority. Appellant argues that, due to individualized issues and affirmative defenses, class certification is not superior to thousands of individual actions, nor does the common legal question predominate over the individualized issues. Thus, according to Appellant, although there may be a common question—whether Appellant can depreciate labor costs pursuant to the policy language—a determination as to whether and how this was done as to each insured depends upon a separate inquiry into the facts of each claim such that the requirements of predominance and superiority are therefore defeated.[1] Thus, Appellant con-

---

1. These are the individual issues that Appellant alleges exist: the ratio of labor costs to

tends that a review of each potential class member's situation would be necessary in order to determine whether depreciation was applied, in what percentage it was applied, and the amount of labor depreciation compared to materials depreciation.

As part of this third point on appeal, Appellant describes our class-certification caselaw as a "certify now, decertify later" approach. Appellant contends that this approach effectively eliminates the requirements of predominancy and superiority from the test for class certification. Appellant asks us to overrule this approach, contending that Arkansas should not stand alone in adhering to a certify now, decertify later rule that has long been rejected by virtually all other jurisdictions.

### A. Predominance

This court has stated that the starting point in examining the issue of predominance is whether a common wrong has been alleged against the defendant. *ChartOne, Inc. v. Raglon*, 373 Ark. 275, 283 S.W.3d 576 (2008). This court explained further that

> [i]f a case involves preliminary, common issues of liability and wrongdoing that affect all class members, the predominance requirement of Rule 23 is satisfied even if the circuit court must subsequently determine individual damage issues in bifurcated proceedings. We have recognized that a bifurcated process of certifying a class to resolve preliminary, common issues and then decertifying the class to resolve individual issues, such as damages, is consistent

with Rule 23. In addition, this court has said that

> [t]he predominance element can be satisfied if the preliminary, common issues may be resolved before any individual issues. In making this determination, we do not merely compare the number of individual versus common claims. Instead, we must decide if the issues common to all plaintiffs "predominate over" the individual issues, which can be resolved during the decertified stage of bifurcated proceedings.

*Id.* at 286, 283 S.W.3d at 584 (citations omitted) (quoting *Asbury Auto. Group, Inc. v. Palasack*, 366 Ark. 601, 610, 237 S.W.3d 462, 469 (2006)).

Accordingly, our inquiry is whether there is a predominating question that can be answered before determining any individual issues. Here the circuit court found that Appellant had admitted that the operative provisions of its actual cash value policies are identical among the policies issued to the putative class members. Thus, the circuit court concluded that whether Appellant was able to depreciate labor pursuant to the contractual terms of its policies would be the same and require the same proof.

We see no abuse of discretion in this conclusion. The preliminary, common issue of Appellant's liability under the contract or policy language must be decided prior to any individual issue of damages. The requirement that the common issue predominate is therefore satisfied, and the circuit court did not abuse its discretion in

material costs varies by geographic location; the wage component of labor costs vary by geographic location; the effect of supply and demand on labor and material costs; adjustment methods vary depending on useful life of what is being replaced—e.g., a roof, siding, plumbing, doors or windows; the determina-

tion of the remaining useful life of a roof or siding varies on an individual basis; Appellant's use of more than one adjustment company; individual negotiations by and between each insured and Appellant; and the professional discretion used in paying each claim.

this regard, even if the individualized issues of damages later require bifurcation or the creation of subclasses.

## B. Superiority

■ Rule 23(b) requires "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." As this court pointed out in *ChartOne,* we have repeatedly held that the superiority requirement is satisfied if class certification is the more efficient way of handling the case, and it is fair to both sides. *See ChartOne, Inc.,* 373 Ark. 275, 283 S.W.3d 576. Where a cohesive and manageable class exists, this court has held that real efficiency can be had if common, predominating questions of law or fact are first decided, with cases then splintering for the trial of individual issues, if necessary. *See id.* This court has further stated that when a circuit court is determining whether class-action status is the superior method for adjudication of a matter, it may be necessary for the circuit court to evaluate the manageability of the class. *See id.* Furthermore, the avoidance of multiple suits lies at the heart of any class action. *See id.*

Here, the circuit court found that the resolution of the common predominating issues throughout Appellees' and the class members' claims "in one consolidated class action is superior to litigating hundreds or thousands of individual lawsuits on the same common issues." The circuit court observed that "[t]hese lawsuits and trials would require each class member to pursue his or her claim individually, entail needless and expensive duplication, waste the resources of both the parties and the Court, and risk inconsistent adjudications." The court observed further that "[t]he unnecessary burden of filing thousands of individual administrative complaints [with the Arkansas Department of Insurance] to resolve a single precise and common issue on contract interpretation is illogical."

As for manageability of the class, despite Appellant's assertions to the contrary, the circuit court did make the following findings:

[T]he management of this case as a class action has not been, and should not be difficult. Unlike many other class actions, there will be no difficult reconciliation of the laws of many different states; only Arkansas law applies. Further, considering that every class member is seeking to enforce the same Arkansas statutes there will be no individual issues, at this juncture, to strain manageability. Issues common to the class predominate over those affecting only individual members, and prosecuting this case as a class action is therefore superior to other available methods of proceeding. Accordingly, Plaintiffs have established that the proposed class meets the superiority requirement of Rule 23(b).

■ It is clear that the circuit court considered the manageability of the proposed class and concluded that the superiority requirement was satisfied. Accordingly, we cannot say the trial court abused its discretion. As this court has made abundantly clear, a circuit court can always decertify a class should the action become unmanageable. *See Gen. Motors Corp. v. Bryant,* 374 Ark. 38, 285 S.W.3d 634 (2008).

With decertification in mind, we now address Appellant's request that we overrule what Appellant terms our "certify now, decertify later" approach to class-action litigation. Appellant argues that allowing certification where the class members' claims likely cannot be tried fairly due to individualized inquiries regarding liability and damages creates significant and unfair pressure on defendants to set-

tle. Appellant argues that our approach of certifying a class that will have to be de-certified later creates "serious constitutional due process problems." This court has stated the following when previously rejecting this argument:

> Finally, we note that Op–Tech argues that allowing this case to proceed as a class action would violate their rights to due process because it would result in separate juries addressing individual issues. Appellees counter that this court has recognized that a bifurcated process of certifying a class to resolve preliminary, common issue, followed by a de-certified process to resolve individual issues is consistent with Rule 23. We agree.

We recently addressed and rejected a party's argument that a bifurcated proceeding would result in a constitutional violation in *Bryant*, 374 Ark. at 52, 285 S.W.3d at 644, and stated:

> Nor does the possibility of bifurcation render the instant class certification unconstitutional. As we have previously held, we do not know at the point of certification whether more than one jury would ultimately be necessary, and we will not speculate on the question of the inevitability of bi-furcated trials or issue an advisory opinion on an issue that well may not develop. *See, e.g., BNL Equity Corp. v. Pearson*, 340 Ark. 351, 10 S.W.3d 838 (2000).

Accordingly, there is no merit to Op–Tech's argument in this regard.

*Teris, LLC*, 375 Ark. at 83–84, 289 S.W.3d at 73. Likewise, for the foregoing reasons expressed in *Teris, LLC, General Motors Corp.*, and *BNL Equity Corp.*, we reject Appellant's due-process argument in the present case.

■ As for Appellant's assertion that our approach to class-action certification is unfair and inefficient, we repeat the following:

> We are further convinced that a class action is fair to both sides. As we said in *SEECO, Inc. v. Hales, supra*, [330 Ark. 402, 954 S.W.2d 234 (1997)] and *Lemarco, Inc. v. Wood*, 305 Ark. 1, 804 S.W.2d 724 (1991), even if the trial court eventually decides that individual claims have to splinter in bifurcated proceedings, resolution of the issue of wrongful conduct common to all class member's can achieve real efficiency as a starting point. We also note that there is a real benefit to the appellants in a class action in that they have the opportunity to nip multiple claims in the bud with common defenses.

*BNL Equity Corp.*, 340 Ark. at 362, 10 S.W.3d at 844. Accordingly, we adhere to our well-settled precedent that allows class actions to be certified first when there are predominating threshold issues of liability common to the class, even though there may be individualized issues that come later requiring either the creation of subclasses or decertification altogether. The facts of this case present us with no federal due-process concerns that require our reconsideration of this approach. And, although Appellant asserts that Arkansas "stands alone" in its approach, we have not been presented with any convincing argument that gives us cause to reconsider our prior decisions concluding that our approach is what we believe to be the more efficient method. We therefore decline Appellant's request to overrule our prior caselaw on this approach to certifying class actions.

The order granting Appellees' motion for class certification is affirmed.