Rhonda K. Wood, Justice, concurring. I agree with the majority that this class-certification order can be affirmed, but I do not join the analysis regarding the class definition. I write to point out that this class action might have significant manageability problems going forward. The crux of this problem lies with the class definition, which needlessly limits the class to citizens of Arkansas. I am not suggesting that all class actions should be “national.” However, in this case, the more prudent class definition would have been “all holders of a royalty interest in the applicable leases on interests in Arkansas.” The appellees can give no explanation as to why the class definition is limited to “Arkansas citizens” other than “we are the plaintiffs and we get to control our case.” It is clear to me that the definition was designed to keep this case out of federal court. While the plaintiff is the captain of its case, this should not exclude all other considerations. I am troubled that the circuit court allowed this consideration to guide its class-certification order. The best practice is to ignore these forum-shopping concerns and instead focus on efficiency, which at any rate is the primary purpose of the class-action mechanism. See Shady Grove Orthopedic Associates, P.A. v. All-state Ins. Co., 559 U.S. 393, 402, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010) (stating that the federal “Rule 23 [is] designed to further procedural fairness and efficiency”)- A broadly defined class, which can resolve the dispute for everyone, better achieves the class-action mechanism’s purpose. See, e.g., BNL Equity Corp. v. Pearson, 340 Ark. 351, 361, 10 S.W.3d 838, 844 (2000) (“The avoidance of a multitude of suits lies at the heart of any class action certification.”); Philip Morris Companies, Inc. v. Miner, 2015 Ark. 73, at 14-15, 462 S.W.3d 313, 321-22 (“A class action saves [the defendant] the trouble of defending multiple ... claims across the state. ... In other words, both parties benefit from the more efficient process of having the issue of [liability] litigated in one setting.”). While the appellees are correct that to be efficient, a class does not have to include every conceivable litigant, the class still has to be manageable. The current class definition presents a significant problem: the circuit court will likely have to face an issue involving leases co-owned by an Arkansas citizen and a non-Arkansas citizen. Under Hunt v. McWilliams, all holders of a royalty interest under a lease are indispensable parties to litigation surrounding that lease. 218 Ark. 922, 240 S.W.2d 865 (1950). If the record had established definitively the number of lease owners who owned leases jointly with Arkansas citizens, then I would have reversed the circuit court’s decision to certify this class. Unfortunately, I see a likelihood that the circuit court will have to decertify the class. Once one Arkansas citizen joins the class and that citizen co-owns the lease with one or more citizens of another state, the circuit court will have to reevaluate the class. Will that Arkansas citizen still be a member of the class? Will the non-citizen now be a member of the class and destroy jurisdiction? What if the Arkansas eo-owner of the lease joins this class and the non-citizen co-owner of the lease joins the federal class? The class definition, as 117written, does not provide a solution to these problems. SEECO argues that this could lead to manageability issues and, while not an appropriate basis upon which to reverse at this point, I agree that such a problem exists. I do not see how the certification will withstand these issues. The circuit court will likely have to decertify the class should this issue cause problems in the future. See Farmers Union Mut. Ins. Co. v. Robertson, 2010 Ark. 241, at 15, 370 S.W.3d 179, 188 (“[A] circuit court can always decertify a class should the action become unmanageable.”). Brill, C.J., joins.