Cite as 2022 Ark. 199

# SUPREME COURT OF ARKANSAS

No. CV-22-32

|  |  |
|---|---|
|  | **Opinion Delivered:** November 10, 2022 |
| ALTICE USA, INC., D/B/A SUDDENLINK COMMUNICATIONS<br>APPELLANT | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CV-21-29] |
| V. | HONORABLE BLAKE BATSON, JUDGE |
| CITY OF GURDON, ARKANSAS EX REL. HONORABLE SHERRY KELLEY, MAYOR, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED CITIES<br>APPELLEE | <u>AFFIRMED IN PART AND DISMISSED IN PART</u>. |

**SHAWN A. WOMACK, Associate Justice**

Altice USA, Inc., d/b/a/ Suddenlink Communications (Suddenlink), appeals the circuit court's certification of the city of Gurdon's class-action lawsuit, which alleges that Suddenlink unlawfully charged Gurdon and other Arkansas cities three fees for the cities' use of Suddenlink's services. Suddenlink also appeals the circuit court's refusal to first address Suddenlink's pending motion to compel arbitration before certifying the class. We affirm in part and dismiss in part.

I.    *Background*

Suddenlink provides telephone, internet, and cable services to the city of Gurdon. As part of providing these services, Suddenlink assesses a 911 fee, an Arkansas High-Cost Fund Fee, and a franchise fee. Gurdon filed a class-action lawsuit against Suddenlink and

alleged the imposition of these three fees against the city was unlawful. Seven weeks later, Gurdon filed a motion for class certification

In response to Gurdon's complaint, Suddenlink filed two motions: (1) a motion to compel individual, non-class arbitration and to dismiss, or stay, pending completion of arbitration proceedings; and (2) an alternative motion to dismiss for failure to state a claim or for a more definite statement. Without ruling on either of Suddenlink's motions, the circuit court granted Gurdon's motion for class certification. The circuit court ordered that the "class should be certified for the causes of action for breach of contract and unjust enrichment" and defined the class as:

> Arkansas Cities which have been charged or have paid Defendant's fees identified as 911 fee, Arkansas High Cost Fund fee or franchise fee or related fees or charges from the five years immediately prior to the filing of this lawsuit up through the date of the entry of judgment in this case.[1]

Suddenlink timely appealed the class certification, which is immediately appealable. Ark. R. App. P.–Civ. 2(a)(9).

## II. *Discussion*

### A. Motion to Compel Arbitration

Suddenlink first argues that the circuit court abused its discretion by not considering Suddenlink's motion to compel arbitration before certifying the class. When a party files a

---

[1]Gurdon did not specifically plead unjust enrichment or breach-of-contract claims. However, Gurdon's prayer for "necessary and proper further relief for the refund of fees which Defendant has improperly collected," is sufficiently broad to encompass both breach of contract and unjust enrichment and is authorized by statute. *See* Ark. Code Ann. § 16-111-108 (Repl. 2016) ("Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper.").

motion to compel arbitration, the circuit court "shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the court renders a final decision . . . ." Ark. Code. Ann. § 16-108-207(f). Despite this requirement, the circuit court certified the class before ruling on Suddenlink's motion to compel arbitration. This issue, however, is not currently appealable.

Only certain issues concerning arbitration are eligible for interlocutory appeal, namely *orders* denying motions to compel arbitration. Ark. R. App. P.–Civ. 2(a)(12). Here, the circuit court has not entered an order denying Suddenlink's motion to compel arbitration, and the absence of an order forecloses Suddenlink's ability to appeal the matter. *See id*. Unlike certain motions, *see, e.g.*, Ark. R. Civ. P. 59(b), motions to compel arbitration are not deemed denied after the passage of time. Ark. Code Ann. § 16-108-207; *see also* Ark. R. App. P.–Civ. 4(b)(1). Furthermore, Suddenlink failed to seek an extraordinary writ to force the circuit court to comply with section 16-108-207. Accordingly, we do not presently have jurisdiction over this claim and dismiss this portion of the appeal. *See Hotels.com, L.P. v. Pine Bluff Advert. & Promotion Comm'n*, 2021 Ark. 196, at 6, 632 S.W.3d 742, 746.

B. Class Certification

When reviewing an order granting class certification, we will reverse only if the appellant can demonstrate the circuit court abused its discretion. *Rivera-Ceren v. Presidential Limousine & Auto Sales, Inc.*, 2021 Ark. 219, at 6, 635 S.W.3d 304, 308. We only consider the evidence in the record to determine whether it supports the circuit court's decision. *Id*. It is immaterial whether the claims will succeed on the merits. *Id*.

There are six requirements for class-action certification: (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority. Ark. R. Civ. P. 23(a), (b). If a plaintiff fails to satisfy any of the six factors, certification is inappropriate. *Valley v. Nat'l Zinc Processors, Inc.*, 364 Ark. 184, 189, 217 S.W.3d 832, 836 (2005). Although Suddenlink does not challenge the circuit court's finding that the class is sufficiently numerous, Suddenlink does contest the circuit court's findings on the other five requirements.

### 1. *Commonality*

Suddenlink first argues that the circuit court abused its discretion by finding that Gurdon satisfied the commonality requirement. To maintain a class-action, a plaintiff must establish there are questions of law or fact common to the class. Ark. R. Civ. P. 23(a)(2). This only requires a single issue common to all members of the class. *Faigin v. Diamante*, 2012 Ark. 8, at 5, 386 S.W.3d 372, 376. Commonality is satisfied when the defendant's acts—independent of any action by the class members—establish a common question relating to the entire class. *Rosenow v. Alltel Corp.*, 2010 Ark. 26, at 6, 358 S.W.3d 879, 885.

In support of its contention that Gurdon failed to satisfy the commonality requirement, Suddenlink argues that Gurdon did not identify a cause of action. But Gurdon plainly identifies a cause of action in its complaint: "final declaratory relief, and necessary and proper relief under Ark. Code Ann. § 16-111-108 for the refund of fees which [Suddenlink] improperly collected." In *Hotels.com, L.P. v. Pine Bluff Advertising & Promotion Commission*, we held that a group of Arkansas advertising and promotion commissions had

4

a common claim when they sought a declaratory judgment that several online travel companies failed to remit certain taxes. 2013 Ark. 392, at 14, 430 S.W.3d 56, 64. Gurdon's claim is no less sufficient to establish commonality. *See id.*

Gurdon seeks a declaratory judgment that:

(a) Gurdon and the Class are not subject to 911 fees under the provisions of the Arkansas Public Safety Communications Act, Ark. Code Ann. § 12-10-300, et seq.[;]
(b) Suddenlink has no basis to collect fees from Gurdon and the Class to apply toward Defendant's payment of any franchise fee[;]
(c) Suddenlink has no basis to collect fees from Gurdon to apply toward Defendant's obligation to make payments to the Arkansas High Cost Fund;
(d) Gurdon and the Class may not use public funds to pay the fees described in Paragraph 25 herein; and
(e) Gurdon and the Class are entitled to a refund of all such fees which have been unlawfully exacted from them.

Gurdon also seeks relief under Arkansas Code Annotated section 16-111-108, which allows a circuit court to award "[f]urther relief based on a declaratory judgment or decree . . . whenever necessary or proper." To satisfy the commonality requirement, Gurdon must only establish that there are questions of law or fact common to the class, which it has done. Ark. R. Civ. P. 23(a)(2). Therefore, the circuit court did not abuse its discretion in finding that Gurdon satisfied the commonality requirement.

## 2. *Predominance*

Because the predominance requirement is closely related to the commonality requirement, we generally address the two in tandem. Class certification is appropriate only if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Ark. R. Civ. P. 23(b). This requirement is more stringent than the commonality requirement, and the plaintiff can satisfy the

5

predominance requirement "if the preliminary, common issues may be resolved before any individual issues." *Philip Morris Cos., Inc. v. Miner*, 2015 Ark. 73, at 6, 462 S.W.3d 313, 317.

Suddenlink argues that Gurdon's failure to identify a cause of action means Gurdon cannot satisfy the predominance requirement. However, as discussed above, Gurdon has identified a cause of action common to the class. Once a court finds there are common questions of law and fact, it must then determine whether the common question predominates over any individual ones. *Id.*

Here, no individual issues exist. Gurdon and the putative class contend Suddenlink unlawfully assessed three identical fees as part of its service charges. Even though the value of the charges may vary between cities, Suddenlink systematically assesses these fees on its monthly bills. Thus, the existence of one common claim among the class clearly predominates, and the circuit court did not abuse its discretion in making this finding. *See Miner*, 2015 Ark. 73, at 6, 462 S.W.3d at 317.

### 3. *Typicality*

Suddenlink next challenges the circuit court's finding that Gurdon satisfied the typicality requirement. The claims of the representative party must be typical of the claims of the class. Ark. R. Civ. P. 23(a)(3). A plaintiff's claim is typical if it arises from the same course of conduct that gives rise to the claims of other class members and is based on the same legal theory. *Ark. Media, LLC v. Bobbitt*, 2010 Ark. 76, at 8, 360 S.W.3d 129, 135. When the complaint alleges that the defendant's unlawful conduct affected both the plaintiff

and the putative class, the typicality requirement is usually met irrespective of varying fact patterns that may underlie individual claims. *Id*.

Here, there is no variation between the class representative's claims and the claims of the rest of the class. Both the class representative and the putative class allege that Suddenlink unlawfully collected three identical fees when charging the cities for its services. Because the claims arise from the same course of conduct and are based on the same legal theory, the circuit court did not abuse its discretion when it found Gurdon satisfies the typicality requirement. *See Bobbitt*, 2010 Ark. 76, at 8, 360 S.W.3d at 135.

4. *Adequacy*

Before certifying a class, the circuit court must find that the class representative and its counsel fairly and adequately protect the interests of the class. Ark. R. Civ. P. 23(a)(4). We have interpreted the adequacy requirement to mean

> (1) the representative counsel must be qualified, experienced, and generally able to conduct the litigation; (2) there must be no evidence of collusion or conflicting interest between the representative and the class; and (3) the representative must display some minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision-making as to the conduct of the litigation.

*Infinity Healthcare Mgmt. of Ark., LLC v. Boyd*, 2019 Ark. 346, at 11–12, 588 S.W.3d 22, 30. The circuit court found that Gurdon would fairly and adequately represent the class, but Suddenlink contends this was an abuse of discretion because there is insufficient evidence to make this determination. Specifically, Suddenlink argues that the circuit court made no findings and simply recited the adequacy factors to support the finding.

The record reveals that Gurdon's attorneys are qualified and able to lead the class-action because of their extensive experience in this practice area. Furthermore, the circuit

7

court found there was no evidence of collusion or conflicting interests between the class representative and the class, and Suddenlink does not contend otherwise. Finding that the class representative displayed some minimal level of interest, familiarity, and ability, the circuit court noted that the mayor of Gurdon attended the class-certification hearing. The record also reveals that Gurdon's mayor is familiar with the class's claims, as her office is responsible for paying the city's Suddenlink bill, and she is the mayor of a city whose exclusive telephone, internet, and cable provider is Suddenlink. This establishes that the class representative has more than a minimum level of interest in the litigation, and the circuit court did not abuse its discretion when it concluded the class representative adequately represented the interests of the class.

## 5. *Superiority*

Finally, Suddenlink argues that a class action is not the superior method to adjudicate the class's claims. To maintain a class action, it must be "superior to other available methods for the fair and efficient adjudication of the controversy." Ark. R. Civ. P. 23(b). As noted, a common question predominates: does Suddenlink unlawfully charge Arkansas cities 911 fees, franchise fees, and Arkansas High-Cost Fund fees? If the court should answer this question no, then Suddenlink is simultaneously relieved of liability to every single class member. *See Farmers Ins. Co. v. Snowden*, 366 Ark. 138, 150, 233 S.W.3d 664, 672 (2006). This is the quintessential example of efficiency. *Indus. Welding Supplies of Hattiesburg, LLC v. Pinson*, 2019 Ark. 325, at 9, 587 S.W.3d 540, 547 (holding that "[c]onducting a trial on the common issue in a representative fashion can achieve judicial efficiency").

8

Moreover, the cities that make up the putative class are from across the state. Resolving the claims in one action as opposed to multiple, widely dispersed trials is fair to all parties. *See Int'l Union of Elec., Radio & Mach. Workers v. Hudson*, 295 Ark. 107, 117–18, 747 S.W.2d 81, 86–87 (1988) (noting that a single case, as opposed to splintered cases, is fair to both the class and the defendant when determining liability). Considering this, the circuit court did not abuse its discretion by concluding that a class action is the superior method for adjudicating the cities' claims against Suddenlink.

### III.    *Conclusion*

To recap, the arbitration issue is not appealable on an interlocutory basis because the circuit court never entered an order denying Suddenlink's motion to compel arbitration. Therefore, we dismiss that portion of the appeal. In considering whether the circuit court abused its discretion by certifying the class, we conclude it did not and affirm class certification.

Affirmed in part and dismissed in part.

KEMP, C.J., and WOOD, J., concur.

**RHONDA K. WOOD, Justice, concurring.** I write separately because the majority's references to the lack of an order and Rule 2(a)(12) misstate why we should dismiss the argument that the circuit court erred by certifying the class before ruling on the motion to compel arbitration.

The appellant's notice of appeal identifies Arkansas Rule of Appellate Procedure–Civil 2(a)(9) as the basis for our jurisdiction. This is reaffirmed in the brief's jurisdictional statement. Rule 2(a)(9) allows a limited, interlocutory appeal from an order granting or

denying a motion to certify a class action. In reviewing these narrow appeals, we consider only whether the requirements of Rule 23 have been met.[2] Other arguments fall outside our review, such as appellant's argument that the circuit court should have ruled first on the motion to compel arbitration as required by Ark. Code Ann. § 16-108-207(f) (Repl. 2016).[3]

The majority implies the issue preventing our review is the absence of an order denying arbitration under Rule 2(a)(12). But that's wrong. And even so, such an order would bring up a different issue and argument—namely, the merits of the arbitration agreement. The argument on appeal falls outside our Rule 2(a)(9) review because it rests on a statute that doesn't relate to Rule 23 class certification. We should dismiss for that reason.

KEMP, C.J., joins.

*Husch Blackwell LLP*, by: *Ginger Gooch*; and *McMillan, McCorkle & Curry, LLP*, by: *F. Thomas Curry*, for appellant.

*Turner & Turner, PA*, by: *Todd Turner* and *Dan Turner*; and *Thrash Law Firm, P.A.*, by: *Tom Thrash* and *Will Crowder*, for appellee.

---

[2]*Philip Morris Cos., Inc. v. Miner*, 2015 Ark. 73, at 3, 462 S.W.3d 313, 316.

[3]*See, e.g., SEECO, Inc. v. Steumon*, 2016 Ark. 435, at 8, 506 S.W.3d 828, 834; *Lenders Title Co. v. Chandler*, 353 Ark. 339, 351, 107 S.W.3d 157, 164 (2003); *Worth v. City of Rogers*, 351 Ark. 183, 195, 89 S.W.3d 875, 882 (2002); *Ark. State Bd. of Educ. v. Magnolia Sch. Dist. No. 14 of Columbia Cnty.*, 298 Ark. 603, 605, 769 S.W.2d 419, 420 (1989).